SAMUEL, Judge.
On September 30, 1960, Dutch O’Neal Motors of Louisiana, Inc., a Louisiana corporation, was placed in voluntary liquida *469 tion subject to the supervision of the court under the provisions of LSA-R.S. 12:53 et seq. An inventory taken in the proceedings on October 5, 1960 lists total assets of $166,618.32. The liquidator’s first provisional account shows the following debts:
Mortgage Creditors $ 52,575.37
Common Creditors 150,523.07
Federal, State & City Taxes 102,416.62
Total $305,512.06.
The account also shows total receipts realized from the sale of assets by the liquidator in the amount of $87,655.70 and liquidation costs of $26,665.38.
By order of assessment dated February 13, 1959 the City of New Orleans had assessed the corporation for sales taxes for the period January 1, 1957 through December 31, 1958 in the amount of $33,469.79, plus interest and penalty. A tax lien to that effect was executed in November of 1960 and filed in the mortgage records in the Parish of Orleans on December 5, 1960. In addition the city assessed the corporation for sales taxes for the period June 1, 1959 through September 12, 1960. Also involved on behalf of the city are personal property taxes and occupational licenses but no claim is here made in connection with these amounts, the city being now interested only in its lien based upon the sales tax.
The federal tax claim consists of employment and withholding taxes for the years 1959 and 1960. On January 25, 1961, a notice of lien in the total amount of $24,-018.94, exclusive of interest, was filed for some of the federal taxes arising during the year 1960.
The taxes due the State of Louisiana consist of sales, personal property, unemployment compensation and franchise taxes.
The liquidator’s first provisional account proposed to distribute the funds, i. e., those funds remaining after the payment of liquidation charges and mortgage creditors, to the city, state and federal government on a pro rata basis since each of those taxing authorities took the position it was entitled to be paid by priority and preference, in full, over the two remaining authorities. A rule nisi was filed by the liquidator against the City of New Orleans, the State of Louisiana and the United States of America, requiring each of them to show cause why the account should not be homologated and the funds distributed in accordance therewith. Judgment on this rule homologated and approved the account subject to the following amendment (other amendments not material to this appeal are here omitted) :
“3. The claim of the United States Government for taxes as shown on the account is recognized to be entitled to first priority and preference over any other tax claims of the City of New Orleans, and the State of Louisiana and should be paid to the extent of funds available, after all costs and expenses of liquidation, including attorney fees, have been paid.”
The City of New Orleans has appealed from the judgment. The State of Louisiana has not appealed.
The United States is granted a priority under Section 3466 of the Revised Statutes of the United States, which provides:
“Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.” (31 U.S.C.A. § 191.)
*470 Section 3466 is applicable in the instant case as a result of the fact that an act of bankruptcy has been committed. We refer to the fifth act of bankruptcy which provides that an act of bankruptcy by a person shall consist of his having “while insolvent or unable to pay his debts as they mature, procured, permitted, or suffered voluntarily or involuntarily the appointment of a receiver or trustee to take charge of his property.” 11 U.S.C.A. § 21, sub. a(5).
Under our Louisiana statute the purpose of a dissolution and liquidation of a corporation, whether the liquidation be judicial or extra judicial, is to wind up and settle the affairs of the corporation; the liquidator is authorized and required to assemble and collect its assets, pay all of the known debts as far as the assets will permit, terminate the corporate affairs by prosecuting, defending or compromising claims by and against the corporation, and pay whatever surplus may be left to the stockholders. LSA-R.S. 12:53 et seq.; see Brown & Son v. Wholesalers, Inc., In Liquidation, La.App., 52 So.2d 321; McCoy v. State Line Oil & Gas Co., 180 La. 579, 157 So. 116. Thus, in the instant case, the appointment of the liquidator was equivalent to, and comes under, the “appointment of a receiver or trustee to take charge of his property;” as provided in the fifth act of bankruptcy. For the possession and control of the property of the corporation was given to a person charged with the duty of applying corporate assets to the payment of the debts of the corporation in accordance with the rights and priorities of its creditors. Bramwell v. United States Fidelity & Guaranty Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368; People of State of Ill. ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348; Commonwealth of Massachusetts v. United States, 333 U.S. 611, 68 S.Ct. 747, 92 L.Ed. 968; United States v. Gotwals, 156 F.2d 692, 169 A.L.R. 619.
Even considering only those debts due the mortgage and common creditors, and omitting tax claims which are increased by penalties and attorney’s fees, the corporate debts amounted to $203,098.44 (the total amount, including the tax claims, was $305,512.06), which sum substantially exceeded the corporate assets. Clearly the corporation’s property was insufficient to pay all of its debts and it was insolvent within the meaning of Section 3466 at the-time of the appointment of the liquidator and continuously since that time. United States v. Williams, D.C., 139 F.Supp. 94; United States v. People’s Trust Co., 1 Cir., 17 F.2d 437; Bramwell v. United States Fidelity & Guaranty Co., supra.
We are of the opinion that the United States is entitled to prior payment of its-claim for delinquent federal taxes by reason of the priority accorded to the United; States by Section 3466 of the Revised Statutes of the United States.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.