FRUGÉ, Judge.
This is a suit on open account by General Portland Cement Company against Villa J. Doucet, individually and as liquidator of Doris Truck Service, Inc. for the balance due on sales of building and concrete materials to Doris Truck Service, Inc. The trial court rendered judgment in favor of General Portland Cement Company against Villa J. Doucet, as liquidator of Doris Truck Service, Inc., and in favor of Villa J. Doucet, individually, and against General Portland Cement Company rejecting its claims that as liquidator Doucet acted in breach of the fiduciary duty imposed on him by LSA-R.S. 12:145(G). The trial court also dismissed Doucet’s reconventional demand for damages from the allegedly wrongful attachment of his property. Plaintiff has appealed the judgment dismissing its claim against Doucet, individually, and Doucet has answered reasserting his reconventional demand. We affirm.
The appellant specifies as error the granting of defendant’s motion for summary judgment, dismissing plaintiff’s demand against the defendant in his individual capacity as an officer, director, and shareholder of the corporation. It is also asserted that the trial court committed error in dismissing plaintiff’s demand against defendant in his individual capacity after trial on the merits for actions as liquidator of Doris Truck Service, Inc.
Judgment was rendered on a motion for summary judgment, dismissing the claim against Villa J. Doucet, individually, on January 30, 1973. A motion for new trial was denied on February 16, 1973. Plaintiff filed an application for supervisory writs to this court which was denied. No appeal was taken from this judgment and it became final 90 days after the day the motion for new trial was denied.
It is apparent from the written reasons of the trial judge that the matter considered before the court on the motion for summary judgment was Doucet’s individual liability as a stockholder, director, and officer of the corporation under the theory that Doucet treated Doris Truck Service, Inc. as his alter ego and as an instrumentality for personal gain without regard to the corporate entity. Therefore, this judg *251 ment is a partial summary judgment, which is proper under Louisiana Code of Civil Procedure, Article 966. The judgment is a final judgment (LSA-C.C.P. Art. 968) as to that issue and is no longer appealable. The sole issue properly raised by appellant before this court is the question of whether the trial court on the merits properly dismissed the claim against Doucet individually for his actions as liquidator of Doris Truck Service, Inc.
The appellant alleges that the liquidator is personally liable to it for the items purchased on open account by the corporation due to his neglect of duty, failure to expeditiously wind up corporate affairs and particularly for breach of the fiduciary duty imposed upon him as liquidator under La.R.S. 12:145(G). To support this proposition, the appellant cites the case of Todd Shipyards Corp. v. Lomm, 190 So.2d 125 (La.App. 4th Cir., 1966), certiorari denied, 249 La. 1022, 192 So.2d 370 (1966), and same case at 204 So.2d 80 (La.App. 4th Cir., 1967). The trial court in its oral reasons for judgment stated that the evidence fell short of establishing that Doucet acted improperly in his capacity as liquidator of the corporation.
The evidence shows that Doucet, his wife and daughter, were the only shareholders of the corporation from the date of its incorporation to the date of its dissolution. Mrs. Doucet was the secretary-treasurer of the corporation. She processed most of the daily memoranda and made bookkeeping entries necessary for business. The corporation employed a Certified Public Accountant to maintain the books, file its tax returns, prepare the numerous documents required by State and Federal agencies to operate the business and perform the final accounting necessary for the dissolution. As liquidator, Doucet did not receive compensation.
The corporation was heavily indebted and its major assets, mostly trucks and equipment, were heavily mortgaged. Mr. Doucet testified that this equipment was returned to the mortgagee, due to the fact that the corporation could no longer pay its debts. In the majority of instances, the mortgagees agreed to the return of the equipment with little or no supplemental payment and forgave the debt.
While it is to be noted that Doucet did not strictly comply with all the procedures he could have, there is no evidence that any assets of the corporation were improperly disposed of or hidden from the creditors. Doucet had a fourth grade education and relied heavily upon his wife and his accountant to keep the books and file the necessary forms to do business. Nor is there any evidence that Doucet, as liquidator, appropriated any funds for his own personal use.
The liquidator, in the performance of his duty, is bound under the Statute LSA-R.S. 12:145(G) to exercise care and prudence in the custody, control, disposition, and accounting of the assets of the corporation as a fiduciary. The evidence establishes that Doucet acted within the bounds of the duty imposed upon him, and the appellant has failed to show he has breached that duty.
The case of Todd Shipyards Corp. v. Lomm, supra, is inapposite. That case dealt with a corporation which had been placed in the hands of a liquidator some 12 years before the debt sued upon by the plaintiff was incurred. During the period of dissolution, the liquidator received more than $92,000. The malfeasance and the fraud in that case are not present here.
Doucet has answered the appeal and asserts that the trial court committed error by dismissing his claim for damages based on a wrongful attachment. The sheriff’s return on the original petition states that after a careful and diligent search, the Sheriff was unable to locate Mr. Doucet in Calcasieu Parish. The Sheriff had information which indicated Doucet was a resident of Florida. Testimony showed that Doucet had decided to *252 enter ministry school and become a student in Florida. Doucet, however, maintained his residence in Calcasieu Parish, his voter registration, and a telephone number. The attachment was based upon the allegation that Doucet was a non-resident in the State of Louisiana, under LSA-C.C.P. Art. 3541(5). Comment “B” notes that a person who has left the State permanently without acquiring a new domicile, thus retaining his Louisiana domicile, is not a non-resident. Doucet did not establish a new domicile in Florida, he was merely a student attending to his education for the purpose of entering the ministry. Doucet retained his Louisiana domicile, he was merely an absentee. Therefore, the attachment wrongfully issued. The proper procedure when dealing with an absentee is provided by La C.C.P. Article 5091.
In his reconventional demand Doucet alleges as a consequence of the attachment, he suffered a loss of $10,000 profit on the sale of the property and prayed that the writ of attachment be dissolved. The attachment, however, had been dissolved on motion of the plaintiff more than 30 days prior to the trial.
The sole question, therefore, is damages for the wrongful attachment. Although Doucet alleged the loss of $10,000 profit, it was shown that other incumber-ances affecting the attached property which prevented its sale had not been cured as of the time of trial on the merits. Only one buyer was shown to have made a firm offer to purchase the property. At the time of trial, the buyer was renting the property and at all times professed an interest to complete the sale. We find that Doucet has failed to prove that he has suffered damages as a result of the wrongful attachment. No other damages were alleged or proved.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.