DOUCET, Judge.
Plaintiffs, Mrs. Marie Voorhies Levy and Mrs. Florence Billeaud Voorhies, minority shareholders of Comeaux Planting Co., Inc., filed a petition for writ of injunction against Manning F. Billeaud, defendant-liquidator of the corporation, seeking to enjoin him from transferring the corporate assets to a partnership in commendam pursuant to the plan of liquidation adopted by the majority of shareholders. After trial on the merits, the district judge held that the ninety-day peremptive period of LSA-R.S. 12:121, and R.S. 12:131 relative to dissenting shareholders’ rights, precluded plaintiffs’ actions. Plaintiffs appeal. For reasons hereinafter assigned, we affirm.
This suit arises out of the activities of several corporate entities: Comeaux Planting Co., Inc.; Bayou Tortue Livestock, Inc. & Land Development-1980 (d/b/a Comeaux Realty), hereinafter referred to as “Co-meaux”; and Broussard Plantation, Inc., and Bayou Tortue Livestock, Inc. Land Development-1979 (d/b/a Broussard Realty), hereinafter referred to as “Broussard”. Historically, Comeaux and Broussard were two of five privately-held family corporations engaged in the sugar cane growing and grinding business. Between 1976 and 1979 the companies suffered substantial financial losses due to the depressed price of sugar. In April of 1979, a stockholders’ meeting was held which resulted in a change of directorship and a mandate to evaluate the problems plaguing the corporations and solutions thereto. After evaluation, it was concluded that Comeaux and Broussard should terminate their sugar cane producing operations and, instead, develop their real estate holdings. The Board was advised by tax attorneys and certified public accountants that the best way to achieve this goal would be to transfer the real estate holdings to a partnership in com-mendam, then liquidate the corporations. On November 17,1979 a special meeting of the stockholders was called, pursuant to notice, to vote on the aforementioned proposal. At the meeting the shareholders voted by a 95% affirmative vote to approve the Plan of Liquidation whereby Comeaux and Broussard would transfer their assets to the partnership in commendam, then liquidate the corporation and distribute interests in the partnership to the shareholders. Subsequently, problems arose with the liquidation insofar as Broussard was concerned, therefore, pursuant to authority granted in the Plan of Liquidation the Board of Directors terminated the liquidation of said corporation. The liquidation of Comeaux was unaffected by the action. A special meeting of Comeaux shareholders was held on January 26, 1980, whereat the Plan of Liquidation, adopted prior thereto, was ratified. An Act of Exchange between Comeaux and Comeaux Realty was thereafter confected, dated January 30, 1980, whereby Comeaux transferred all its assets to Comeaux Realty.
Plaintiffs filed a Petition for a Writ of Mandamus seeking, inter alia, to enjoin Manning F. Billeaud, liquidator of defendant corporations, from implementing the Plan of Liquidation and have the assets distributed otherwise. Defendants filed an Exception of Unauthorized Use of Summary Procedure. The exception was sustained and suit dismissed June 16, 1980 by decree reserving “to the plaintiffs their right to bring such other actions as are provided by law in and under the appropriate proceedings therefor.” This court affirmed that ruling.
In August 1980, plaintiffs filed the present Petition for a Writ of Injunction seeking to require the liquidator to distribute the corporate assets to plaintiffs in the form of cash or securities. Defendants filed peremptory exceptions of prescription, *1252 based upon the 90-day peremptive period for challenging a voluntary transfer of corporate assets contained in LSA-R.S. 12:121 F, and no cause and/or right of action founded upon R.S. 12:121 and R.S. 12:131 relative to the rights of dissenting shareholders. The trial court overruled the exception of prescription, but sustained the exception of no cause and/or right of action. From that judgment, plaintiffs have perfected the present devolutive appeal.
The issues presented on appeal are: (1) whether petitioners’ cause of action is precluded by the 90-day peremptive period contained in LSA-R.S. 12:121 F; (2) whether the Plan of Liquidation was proper; (3) whether abandonment of the Broussard Plan of Liquidation was proper; and (4) whether the plaintiffs possess the right to dissent to the corporate action taken.
With respect to the issue of whether plaintiffs’ action is precluded by lapse of time, appellants contend that the three-year prescriptive period of R.S. 12:147 D[1] is applicable to a shareholder’s attack on the transfer of corporate assets by a liquidator. We disagree. Although R.S. 12:147 D pertains to claims of “creditors” and “all persons believed to have valid and subsisting claims” against a corporation in liquidation, we find that it has no application to dissenting shareholders where the basis of complaint is not the liquidation, but rather the form of assets distributed. If the rule were as plaintiffs suggest, all liquidations would require three years before become final visa-vis shareholders.
Instead, we find the peremptive periods of R.S. 12:121 F[2] governing transfer of *1253 corporate assets and dissenting shareholders’ rights to be applicable to an exchange prior to actual liquidation.[3]
The Petition for Writ of Mandamus, wherein plaintiffs sought to set aside the conveyance dated January 30, 1980, was filed on April 16, 1980. We find that the corporate action purporting to authorize said conveyance, as contemplated by R.S. 12:121 F, occurred on January 26, 1980 when the shareholders ratified the Comeaux Plan of Liquidation previously adopted.
Although the trial judge in the original suit sustained defendants’ dilatory exception of unauthorized use of summary procedure, C.P. Art. 926, plaintiffs’ suit was, on June 16, 1980, dismissed without prejudice, C.P. Art. 933. The judgment of dismissal did not bar a subsequent suit, indeed, filing of the original suit interrupted all prescriptions affecting the cause of action therein sued upon. C.C. Arts. 3518, 3551; R.S. 12:121 F; R.S. 9:5801. We note that the trial judge did not specify a period, within which the defect could be cured by amendment of the pleadings to proceed via ordina-ria for a mandatory injunction, as required by C.P. Art. 933, nevertheless the judgment dismissing plaintiffs’ demands specifically reserved “to the plaintiffs their right to bring such other actions as are provided by law in and under the appropriate proceedings therefor.” Such other action was timely commenced in August of 1980.
In conclusion hereof, we find R.S. 12:147 D inapplicable and further find that the peremptive period set forth in R.S. 12:121 was interrupted by the filing of the original suit.
Concerning the liquidation plan, appellants contend that the distribution of assets, in the form of an interest in a partnership in commendam, constitutes a sale of a thing belonging to another and causes petitioners to become partners against their will, all in violation of the Civil Code.
We find no merit in the argument that the liquidators’ actions constitute sale of a thing of another. Codal articles such as C.C. Art. 2452, relied upon by appellants, have no application to the exchange of corporate property and corporate liquidation under the circumstances presented. Rather, such actions are controlled by the applicable provisions of the Louisiana Business Corporations Law.
Appellants maintain that the liquidation plan violates R.S. 12:145 inasmuch as it does not distribute the assets of the corporation in cash form to the shareholders and it requires a shareholder to become a partner in commendam in order to realize any interest in the real estate involved. R.S. 12:145 provides in pertinent part that “Except as may otherwise be provided by the shareholders ... the liquidator shall be vested with full authority ... (c) to sell and convey ... on such terms and conditions as to the liquidator shall seem best either for cash or for securities to be distributed to the shareholders.” (emphasis added) R.S. 12:145 F, as amended, provides that the net assets remaining after the payment of debts shall be paid to the shareholders according to their respective rights and preferences. The evidence indicates that the Comeaux corporation provided its own plan of liquidation, as authorized by R.S. 12:145 C, by 95% affirmative vote, to exchange all or substantially all of the assets of the corporation under the authority of R.S. 12:121 A. The liquidator complied with the mandate and there is no indication that his actions constituted a breach of his fiduciary duties. We find the plan of liquidation was proper. Inasmuch as the assets of Co-meaux are to be distributed to the shareholders pursuant to a proper plan of liquidation, provided by the shareholders, we *1254 need not address appellee’s contention that an interest in a partnership is commendam falls within the definition of “securities” under R.S. 12:145 C.
Similarly, we find that the abandonment of the Liquidation Plan for Broussard Plantation was proper. At a December 26, 1979 meeting, a majority of the Board concluded that qualification of the liquidation under the provisions of Section 333 of the Internal Revenue Code was in jeopardy and the liquidation plan should therefore be abandoned. Pursuant to R.S. 12:149 B a resolution was passed reserving unto the Board of Directors the right to abandon the plan unless 80% of the total voting stock of Broussard elects to liquidate pursuant to Section 333, or where a majority of the Board believes the qualification pursuant to Section 333 becomes unlikely. In accordance with R.S. 12:149 B and the aforesaid resolution the Plan of Liquidation was abandoned by the Board. The stockholders subsequently ratified the action of the Board at a special meeting held September 13, 1980. Certificates of the action authorizing the termination of the dissolution proceedings were signed in accordance with R.S. 12:149 B and duly filed. Although abandonment of the plan appears to have resulted in part due to plaintiffs’ opposition to the liquidation plan, sufficient evidence appears in the record to conclude that the action was proper pursuant to the aforementioned resolution and R.S. 12:149 B.[4] Furthermore, the abandonment of the plan to transfer corporate assets was proper under the provisions of R.S. 12:121 C.[5]
Defendants’ bifurcated exception of No Right and/or Cause of Action, sustained by the trial court, was premised upon R.S. 12:121 and 131. The former provision pertains to voluntary transfer of corporate assets and provides in relevant part that “Dissenting shareholders who comply with the procedural requirements of the Business Corporation Law of Louisiana will be entitled to receive payment of the fair cash value of their shares if the transaction to be considered is effected upon approval by less than eighty per cent of the corporation’s total voting power.” R.S. 12:121 B.[6] The right of a shareholder to dissent from certain corporate action is granted by R.S. 12:131[7] and includes the right to dissent *1255 from an exchange of corporate assets unless the authorization has been given by 80% or more of the total voting power.[8] In the present case the corporate action was taken prior to liquidation and was approved by approximately 95% of the total voting power. Thus, no right to dissent is available unto plaintiffs. Moreover, this is not an exchange or conveyance of assets in fraud of minority shareholders as contemplated by R.S. 12:121 D. Since the vote to liquidate the subject corporations was by more than 80% of the stockholders, plaintiffs have no right to protest the plan and the peremptory exception was properly sustained.
The judgment appealed from is affirmed at appellants’ cost.
AFFIRMED.

. § 147. Claims against corporation in liquidation; peremption
A. A corporation in liquidation may have the benefit of subsections C, D and E of this section by following the procedure set forth in subsection B of this section.
B. After the proceeding for dissolution has taken effect, notice thereof shall be (1) given by registered or certified mail to all known creditors of, to all persons believed to have valid and subsisting claims (excluding prescribed and time-barred claims) against, and to all persons having unfulfilled contracts with, the corporation, and (2) published once a week for two successive weeks in a newspaper of general circulation in the parish in which the corporation’s registered office is located. Such notice shall call on the addressees to present their claims in writing and in detail, at a specified place and by a specified date, not less than six months after the notice was mailed. The giving and publication of such notice shall not be deemed an acknowledgement of the validity of any claim against the corporation, waiver of any defense or set-off to any such claim, interruption of prescription on, or tolling of any statute of limitation applicable to, any such claim, or revival of any claim which has been barred by any prescription, peremption or statute of limitations.
C. If any addressee of such notice shall not present his claim or claims as prescribed in the notice, such of his claims as would be enforceable against the corporation except for the provisions of this subsection shall, unless suit has been entered thereon in a court of competent jurisdiction before the final date prescribed in the notice for presentation thereof, be perpetually and peremptorily barred, except to the extent, if any, that the court may allow them against any remaining undistributed assets of the corporation on a finding that the claimant had some valid excuse for his failure so to present his claim.
D. All claims which would be enforceable by suit against the corporation except for the provisions of this subsection, on which suit has not been filed in a court of competent jurisdiction before the expiration of three years after the proceeding for dissolution takes effect (or, if the notice prescribed in subsection B of this section was not given and publication thereof commenced within one month after the proceeding takes effect, before the expiration of three years after the giving or completion of publication of the notice, whichever is later), shall be barred perpetually and peremptorily.
E. The time limits provided in subsections C and D of this section shall not be subject to suspension on any ground, or to interruption except by timely presentation of the claim as to subsection C or timely suit as to subsection D.
F. The provisions of subsections C and D of this section shall not preclude the enforcement at any time, without regard to whether a claim has been presented or a suit filed timely as prescribed in said subsections, of any valid and subsisting lien securing any claim against, or indebtedness of, the corporation.
Acts 1968, No. 105, § 1.

. F. An action or suit to enjoin or set aside a conveyance by a corporation, on the ground that there has not been compliance with the provisions of this section relating to the sale, lease, exchange or other disposition of all or substantially all of the assets of the corpora *1253 tion, must be brought within ninety days after the corporate action purporting to authorize such disposition was taken, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit.”

. We note that no demand for the fair cash value of the shares was made, within twenty days of notice of action relative to exchange of assets, pursuant to R.S. 12:131 C.

. B. At any time before the corporate existence ceases, a voluntary proceeding for dissolution may be terminated by such affirmative vote of the shareholders as was required to commence the proceeding, given at a special meeting called by the liquidator or the board of directors, the notice of which set forth consideration of termination of the proceeding as a purpose of the meeting. Certificates of such action shall be signed by the president or a vice-president and the secretary or an assistant secretary and acknowledged by one of the signing officers. One certificate shall be filed with the Secretary of State, who, after all fees and charges have been paid as required by law, shall file the same in his office and endorse thereon the date of filing thereof with him. One certificate shall be filed for record in the office of the recorder of mortgages of the parish in which the corporation’s registered office is located, and one certificate shall be filed with the court, if the dissolution is under the supervision of the court.

. C. After such authorization by a vote of shareholders, the board of directors may nevertheless, in its discretion, abandon such sale, lease, exchange or other disposition of assets, subject to the rights of third parties under any contracts relating thereto, without action or approval by shareholders.

. B. If the corporation is not insolvent, such authorization may be given only by the shareholders, by vote of two-thirds (or by such greater or lesser proportion, not less than a majority, as the articles may provide) of the voting power present. The notice of the meeting of shareholders at which such authorization is considered shall state such consideration as a purpose of the meeting, and shall also contain, if applicable the following statement: “Dissenting shareholders who comply with the procedural requirements of the Business Corporation Law of Louisiana will be entitled to receive payment of the fair cash value of their shares if the transaction to be considered is effected upon approval by less than eighty per cent of the corporation’s total voting power.” If the corporation is insolvent, such authorization may be given by vote of two-thirds of the entire board of directors.
Amended by Acts 1970, No. 50, § 10, emerg. eff. June 18, 1970, at 5:05 P.M.

. Subsection A of R.S. 12:131 states:
A. Except as provided in subsection B of this section, if a corporation has, by vote of its *1255 shareholders, authorized a sale, lease or exchange of all of its assets, or has, by vote of its shareholders, become a party to a merger or consolidation, then, unless such authorization or action shall have been given or approved by at least eighty per cent of the total voting power, a shareholder who voted against such corporate action shall have the right to dissent. If a corporation has become a party to a merger pursuant to R.S. 12:112(11), the shareholders of any subsidiaries party to the merger shall have the right to dissent without regard to the proportion of the voting power which approved the merger and despite the fact that the merger was not approved by vote of the shareholders of any of the corporations involved.

. We also note, related hereto, that voluntary proceedings for dissolution require only a majority vote pursuant to R.S. 12:142 and that only upon the application of shareholders holding a minimum of 25% of the total voting power may a court order the proceeding to be conducted under its supervision. Involuntary proceedings for dissolution require 20% of the entire outstanding shares pursuant to R.S. 12:143 B(1).