443 So.2d 539 (1983)
Mrs. Marie Voorhies LEVY and Mrs. Florence Billeaud Voorhies
v.
Manning F. BILLEAUD, Liquidator of Comeaux Planting Company, Inc., et al.
Nos. 83-C-0118, 83-C-0150.
Supreme Court of Louisiana.
November 28, 1983.
Dissenting Opinion January 5, 1984.
Rehearings Denied January 13, 1984.
*541 Rick J. Norman, McCollister, McCleary, Fazio & Holliday, John R. Martzell, Martzell, Montero & Lamothe, New Orleans, for applicant in No. 83-C-0118 and respondent in No. 83-C-0150.
David S. Foster, III, Lafayette, for respondents in No. 83-C-0118 and applicant in No. 83-C-0150.
DENNIS, Justice.
Plaintiffs, minority stockholders in Comeaux Planting Company, Inc. and Broussard Plantation Inc. brought suit in the district court against the appointed liquidator of the corporations, Manning F. Billeaud, to enjoin the dissolution of the corporations and for judgment recognizing plaintiffs as owners and putting them in possession of their proportionate interests in the corporate assets. Plaintiffs' theory was that the liquidator breached his legal and fiduciary duties by implementing a liquidation plan under which (a) all of the Comeaux Planting Company, Inc.'s assets were transferred to a partnership effectively controlled by the liquidator and the corporate directors, (b) no corporate assets were distributed to the minority shareholders, and (c) the minority shareholders were required to agree to become partners in commendam in the partnership or else receive nothing of value for their interests in the corporation's assets. Plaintiffs alleged that the liquidator was about to carry out a similar plan for dissolving Broussard Plantation, Inc., but had unlawfully terminated that dissolution. The district court sustained defendants' exception of no cause and no right of action, and the court of appeal 424 So.2d 1249 affirmed. We reverse. When a liquidation plan involving a transaction between the corporation and a partnership controlled by the liquidator and other corporate directors is challenged, the burden is on the liquidator as a fiduciary not only to prove the good faith of the transactions involved but also to show their inherent fairness from the viewpoint of both the majority and minority shareholders. Under the facts alleged and stipulated, the liquidator failed to carry his burden. The only reason he asserted for the complicated liquidation plan here was a tax advantage for the majority shareholders, under IRC § 333. However, a tax benefit for the majority shareholders cannot justify the plan's unduly oppressive treatment of the minority shareholdersparticularly since the majority shareholders could have taken advantage of the tax benefits of § 333 in a fashion not oppressive of the interests of the minority shareholders.
The facts alleged and stipulated are: Plaintiffs are shareholders in Comeaux Planting Co., Inc. and Broussard Plantation Inc., two closely-held corporations engaged in the business of growing and grinding sugar cane. Because of substantial losses in the sugar cane business, the management of the corporations decided to discontinue sugar cane operations, transfer all of the corporations' assets including immovable property to a partnership, and permit the partnership to develop and market the real estate for maximum profits. The *542 boards of directors contemplated that each shareholder would agree to become a partner in commendam in the partnership in exchange for his stock in the corporation, thus obviating the necessity for any actual distribution of corporate assets to shareholders. Accordingly, the boards of directors commenced voluntary, non-judicial proceedings for dissolution of the corporations, appointed Manning F. Billeaud to liquidate their affairs, and adopted plans of liquidation calling for the above described transactions between the corporations, partnership and shareholders.
The plaintiffs, minority shareholders in the corporations, objected to the liquidation plans, tendered their stock to the liquidator, and demanded that he distribute to them their proportionate interests in each corporation's assets. The liquidator carried out the Comeaux Planting Company plan by transferring immovable property and other assets to a partnership, and the majority shareholders became partners in commendam. The liquidator tendered to the plaintiff minority shareholders offers from the general partner of the partnership for them to become partners in commendam and stated that plaintiffs' limited interests in the partnership had been placed in escrow but would be conveyed to the state department of revenue if not claimed in two years. A similar plan for the liquidation of Broussard Plantation, Inc. was not carried out, and the dissolution of that corporation was terminated.
The liquidator, Manning F. Billeaud, is a director of both Comeaux Planting Co., Inc., and of Bayou Tortue Livestock, Inc., the general partner of the partnership to which the corporation's assets were transferred. In fact, the boards of directors of the two corporations consist of the same eleven persons: Mr. David S. Foster, Mr. Robert I. Comeaux, Mr. Michael A. Billeaud, Mr. George J. Comeaux, Mrs. Paul A. Bechet, Mr. Ramon E. Billeaud, Mrs. R. Gale Creed, Mr. Robert B. Billeaud, Sr., Mr. Charles H. Billeaud, Mr. Paul R. Billeaud and Mr. Manning F. Billeaud.
Plaintiffs filed this suit to enjoin the dissolutions and to be placed in possession of their proportionate interests in the corporations' assets. The trial court sustained defendants' exception of no cause and no right of action. On appeal, the court of appeal affirmed, finding that the liquidation plan was proper and that the liquidator did not breach his fiduciary duties. We reverse and remand for a trial on the merits for the reasons hereinafter assigned.
The Louisiana Business Corporation Law, La.R.S. 12:1 et seq., Act 105 of 1968 resulted from more than five years' work by a devoted committee of lawyers and public officials under the general chairmanship of the Secretary of State. In many respects the law combines what were considered the best features of the superseded law and of other corporation laws throughout the country. E.P. Deutsch, Introduction; 5 West's LSA Revised Statutes at vii, viii. Accordingly, in interpreting and applying the law we will consider not only our own prior jurisprudence but also that of other jurisdictions pertaining to those provisions borrowed from other states' statutes.
A corporation may be dissolved and liquidated either voluntarily or involuntarily. If the proceedings are voluntary, they may be conducted either out of court or subject to supervision by the court. During the dissolution proceeding, all the rights, powers and duties of the officers and board of directors, except as otherwise provided by law, shall be vested in the liquidator, except insofar as he may continue them for purposes of the dissolution. La.R.S. 12:141.
A voluntary dissolution may be commenced by a majority of the voting power present at an annual or special meeting of the shareholders. The shareholders authorizing the dissolution may authorize liquidation out of court by the appointment of a liquidator. If the shareholders do not authorize liquidation out of court, the corporation must file a petition for court supervised liquidation by a court appointed liquidator. An out of court liquidation may *543 be converted to a court supervised proceeding upon petition of the liquidator or twenty-five percent of the total corporate voting power. La.R.S. 12:142.
It is the duty of a corporation's liquidator to wind up the corporation's affairs by assembling its assets, paying its debts and the expenses of liquidation, terminating its litigation by prosecuting, defending, or compromising suits, and paying any surplus to the shareholders according to their respective rights and preferences. La.R.S. 12:145(C)(F); Drenning v. Kuebel, 339 So.2d 752 (La.1976); McCoy v. State Line Oil & Gas Co., 180 La. 579, 157 So. 116 (1934); Todd Shipyards Corp. v. Lomm, 190 So.2d 125 (La.App. 4th Cir.1966).
In the performance of his duties, the liquidator is bound to exercise the care of a fiduciary in the listing, custody, possession, control, disposition, accounting and distribution of the corporate money and property. La.R.S. 12:145(G); Noe v. Roussel, 310 So.2d 806 (La.1975); General Portland Cement Co. v. Doucet, 297 So.2d 249 (La.App. 3d Cir.1974). Moreover, since officers and directors are deemed to stand in a fiduciary relation to the corporation and its shareholders and must discharge their duties in good faith, and with that diligence, care, judgment, and skill which ordinarily prudent men would exercise under similar circumstances in like positions, the liquidator, who is vested with the duties of the officers and directors during dissolution, owes the same fiduciary duty to each shareholder. La.R.S. 12:91, 141.
Our statute is similar to those of other states which provide for dissolution without judicial proceedings. Under such statutes, shareholder approval is required, and no appraisal remedy is provided. The shareholders, subject to any applicable liquidation preferences and other rights, share proportionately in the net assets remaining after satisfaction of corporate creditors. The power of the controlling shareholders to dissolve is subject to equitable limitations, and the courts are authorized to prevent dissolutions which are unduly oppressive of minority shareholders or in violation of a fiduciary duty. H. Henn, Law of Corporations, § 348 (2d ed. 1970); Eisenberg v. Central Zone Property Corp. 306 N.Y. 58, 115 N.E.2d 652 (N.Y.App.1953); Shrage v. Bridgeport Oil Co., 71 A.2d 882 (Chanery, Del.1950); Ribakove v. Rich, 13 Misc.2d 98, 173 N.Y. S.2d 306 (Kings County 1958); Kavanaugh v. Kavanaugh Knitting Co., 226 N.Y. 185, 123 N.E. 148 (N.Y.App.1919). Cf. Noe v. Roussel, 310 So.2d 806 (La.1975); Drenning v. Kuebel, 327 So.2d 571 (La.App. 4th Cir.1976) modified and affirmed, 339 So.2d 752 (La.1976).
This court has implicitly followed a similar interpretation of our statute and has adopted the rule that a fiduciary's dealings with the corporation are subjected to rigorous scrutiny and where any of his contracts or engagements with the corporation is challenged the burden is on the fiduciary not only to prove good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein. Noe v. Roussel, supra at 818; See Pepper v. Litton, 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281, 289 (1939); Geddes v. Anaconda Copper Min. Co., 254 U.S. 590, 599, 41 S.Ct. 209, 212, 65 L.Ed. 425, 432; Matter of Mobile Steel Co., 563 F.2d 692, 701 (C.A. 5th Cir.1977); Marshall v. Snyder, 572 F.2d 894, 900 (C.A.2d 1978).
Although Manning F. Billeaud, the liquidator, did not himself enter into any contract with the corporation, he was a director of the dissolved corporation, as well as a director of the corporation which was the general partner of the partnership to which all of the corporation's assets were transferred. The boards of directors of both the dissolved corporation and the general partner consist of the same eleven individuals, including Mr. Billeaud, the liquidator. Under these circumstances, because a conflict of interest is evident and present to the same extent as when a fiduciary contracts directly with a corporation for his own account, the standard of vigorous scrutiny must be applied.
*544 The facts of this case establish a prima facie case that the directors and the liquidator breached their fiduciary duty to the plaintiffs by formulating and effectuating a liquidation plan unduly oppressive and unfair to minority shareholder interests. All of the corporation's assets were transferred to a partnership controlled by another corporation as its general partner. The boards of directors of these two corporations consist of the same persons, including the liquidator, Manning F. Billeaud. The minority shareholders did not receive an actual distribution of their proportionate share of the dissolved corporation's assets. Nor were they offered a payment of the fair value of their shares. Instead, they were provided only the opportunity to enter a contract to become partners in commendam in a partnership controlled by the liquidator and other directors representing the majority shareholders.[1] In the event they failed to agree and to consent by their agreement to the reinvestment of their interests in the corporation's assets in the new partnership venture, the liquidation plan called for forfeiture and conveyance of their interests to the state.[2]
Consequently, but for this litigation, the minority shareholders would have been forced to reinvest their capital and agree to the terms and conditions of a partnership in commendam dictated by the liquidator and directors or to forfeit their investments. On its face, the liquidation plan is oppressive and unfair and appears to be designed to deprive the minority shareholders of their right to a pro rata distribution of the corporation's assets upon its liquidation and to force them to reinvest their property interests in a partnership controlled by the liquidator, directors and majority shareholders of the dissolved corporation.
The liquidator failed to carry his burden of proving that the transactions between the dissolved corporation and the partnership controlled by him and the other directors were both inherently fair to the minority shareholders and in good faith. The liquidator contends that the complex liquidation plan was necessary for the shareholders to qualify for favorable tax treatment under § 333 of the Internal Revenue Code. However, Section 333 requires only that, in order to eliminate the recognition of gain on the value of assets received in the liquidation other than cash and securities the liquidator must transfer all property of the corporation within one month from the date of adoption of the plan of liquidation.[3] See 58-6th Tax Management Portfolio at A-9. Accordingly, it does not appear that a fair liquidation plan providing minority shareholders a partial distribution of assets or fair value for shares would have prevented tax savings by the majority shareholders. Furthermore, a tax benefit to majority shareholders would not justify the substantial injury to minority *545 shareholders' interests contemplated by the plan or the fiduciaries' failure to exercise good faith, diligence, care and judgment in protecting their interests.
Defendants have asserted that petitioners' suit is either an action to set aside a conveyance by a corporation, La.R.S. 12:121 or an action to assert a dissenting shareholder's appraisal remedy, La.R.S. 12:131. Defendants further contend that plaintiffs do not meet the criteria for filing under either of these statutes. We do not find it necessary to address these contentions because plaintiffs have expressly denied any intention to sue under these provisions.
Moreover, defendants' argument that plaintiffs' action has prescribed is without merit. Plaintiffs' suit is one against a fiduciary for breach of his trust. An action by a shareholder against a corporate official for breach of a fiduciary duty is a personal action prescribed by ten years from the acts complained of. C.C. art. 3544; Dawkins v. Mitchell, 149 La. 1038, 90 So. 396, 399 (1922); Percy v. White, 7 Rob. 513 (La.1844); Edwins v. Lilly, 422 So.2d 1217, 1223 (La.App. 4th Cir.1982). The present suit was filed within ten years from the acts complained of and is therefore timely.
This case must be remanded for a trial on the merits. In our opinion, the alleged and stipulated facts, if proven, entitle the plaintiffs to relief. Because the Louisiana Business Corporation Statute places the liquidator under a fiduciary duty and subjects corporate dissolutions to equitable limitations, the trial court has broad discretion to fashion the mode of relief if the plaintiffs' suit is successful. Although the plaintiffs cannot have the entire dissolution set aside, because the most to which they were entitled in dissolution was a pro rata distribution of net corporate assets, after trial they may be entitled to be placed in ownership and possession of an undivided interest in the assets. Alternatively, depending on the evidence, under a proper exercise of its discretion the trial court may decide that an award to the plaintiffs of the fair cash value of their shares in the dissolved corporation constitutes the most fair and equitable remedy.
The court of appeal affirmed the trial court's sustaining of defendant's exception of no cause and no right of action to plaintiffs' attack upon the abandonment of the liquidation plan for Broussard Plantation, Inc. The plaintiffs did not specify or argue this as error in this court. Accordingly, we will affirm this part of the court of appeal's judgment.
For the reasons assigned, the judgment of the court of appeal is reversed as to its holding regarding the Comeaux Planting Company, Inc. dissolution, affirmed as to its holding regarding Broussard Planting, Inc., and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART: REVERSED IN PART: REMANDED.
WATSON and MARCUS, JJ., concur.
LEMMON, J., concurs and will assign reasons.
BLANCHE, J., dissents and will assign reasons.
BLANCHE, Justice (dissenting).
The Court of Appeal properly recognized that the decision to liquidate the corporation and distribute the assets in the form of interests in an in commendam partnership was made by 95% of the shareholders. Because this decision was made by over 80% of the shareholders, the minority stockholders had no right to dissent and obtain fair market value for their shares. La.R.S. 12:121.
The majority opinion finds that the directors and liquidator somehow breached a fiduciary duty owed to the minority shareholders by not distributing the actual assets of the corporation proportionately. What the majority overlooks, however, is that the liquidation plan represented a deliberate business decision of an overwhelming majority of the shareholders to abandon an unprofitable enterprise for a more lucrative venture. The liquidator was simply *546 following the directive of the shareholders to effectuate the change of a family business from one form to another; There is no evidence that his actions were conducted in bad faith. To the contrary, not only do the facts not establish a prima facie case of bad faith, they evidence a transaction formulated in perfectly good faith. The corporation had suffered severe financial setbacks in recent years and adopted their course of action after much consultation with their tax attorneys and accountants.
Plaintiffs were to be compensated fully for their interests in the corporation with corresponding interests in the partnership in commendam. As the court of appeal noted, R.S. 12:145 provides that "Except as may otherwise be provided by the shareholders... the liquidator shall be vested with full authority ... (c) to sell and convey... on such terms and conditions as to the liquidator shall seem best either for cash or for securities to be distributed to the shareholders." In the present case, the shareholders specifically provided otherwise, by a 95% vote. Classification of this action, which enjoys both shareholder and statutory approval, as "oppressive" and "unfair", is both inappropriate and inaccurate.
As owners of less than 5% of a closely held family corporation, plaintiffs are left with few remedies when they are dissatisfied with the management of the corporation. Unlike shareholders of a large corporation, they may not dispose of their stock on the open market, nor were they likely to find outside buyers for their shares of a family business. Nevertheless, inability to withdraw is a risk that a minority shareholder assumes when he participates in a closely held corporation. Plaintiff has no remedy under existing law; therefore, the exception of no cause of action was properly sustained.
I would respectfully dissent.
NOTES
[1] Our law requires that a partnership be a consensual arrangement among its partners. A partnership is an entity created by the contractual agreement of its members. La.C.C. art. 2801. Because the partnership contract is subject to the general rules of conventional obligations, La.C.C. art. 2802, each must consent to the contract in order to become a partner. See La.C.C. arts. 1779, 1780. These rules governing partnerships under our law apply with equal force to partnerships in commendam. See La. C.C. art. 2836.
[2] Defendants informed plaintiffs that if the plaintiffs had not collected their proceeds from the liquidation within two years, that their interest would be delivered to the Collector of Revenue under La.R.S. 12:145(F). We set to one side without deciding the question of whether the unaccepted offer to the plaintiffs to become partners in commendam constitutes an asset which can be delivered to the collector in accordance with the provisions of La.R.S. 9:151.
[3] In the case of property distributed in complete liquidation of a domestic corporation (other than a collapsible corporation to which section 341(a) applies), if

(1) the liquidation is made in pursuance of a plan of liquidation adopted on or after June 22, 1954, and
(2) the distribution is in complete cancellation or redemption of all the stock, and the transfer of all the property under the liquidation occurs within some one calendar month, then in the case of each qualified electing shareholder (as defined in subsection (c)) gain on the shares owned by him at the time of the adoption of the plan of liquidation shall be recognized only to the extent provided in subsections (e) and (f).
Internal Revenue Code § 333(a).