MARVIN, Judge.
In this action against the liquidator of a dissolved corporation to recover unpaid insurance premiums, plaintiffs appeal a judgment sustaining defendant’s exception of no cause of action and dismissing the action. We reverse and remand for trial.
An exception of no cause of action is triable on the face of the petition. For purposes of deciding the exception, all well-pleaded facts are accepted as true. Evans v. Century Ready Mix Corporation, 446 So.2d 860 (La.App.2d Cir.1984). These facts are alleged:
The plaintiffs provided worker’s compensation and general liability insurance coverage to Piggly Wiggly Operators Warehouse, Inc., from January 1977 to January 1980. The premium due and owing was determined by the loss experience of the insured and coverage was thus issued on a retrospective rating basis. Payments for the insurance coverage were made through December 1982.
In September 1982 the shareholders of Piggly Wiggly voted to liquidate and elected Frank R. Miller to act as liquidator and to effect the plan of dissolution.
In July 1983 plaintiff’s agent Robert McCowan presented a final premium bill in the amount of $108,576 to Frank Miller in his capacity as liquidator. Miller then informed McCowan that Piggly Wiggly had been dissolved and its assets disbursed to the shareholders, when in fact the assets were not finally disbursed until September 1983.
Plaintiffs sued in October 1985 claiming that Miller violated his fiduciary duty as liquidator by distributing the assets of the *657 corporation without paying a debt which had been presented to him and which he knew the corporation owed.
Defendant’s peremptory exception of no cause of action asserts that plaintiffs’ claim was for an unlawful distribution of assets and was barred by the two-year peremptive period set forth in LRS 12:92, because plaintiffs’ action was filed more than two years after the unlawful distribution was allegedly made.
After the trial court’s opinion was rendered, but before the judgment was signed, plaintiffs filed a supplemental and amending petition in which the corporation was named as a defendant and in which plaintiffs sought to have the certificate of liquidation revoked. After judgment was signed plaintiffs filed a motion for new trial. After a contradictory hearing, the trial court determined that the basis for granting the exception could not be cured by the amendment and denied the motion to amend and motion for new trial.
Plaintiffs contend that the trial court erred in sustaining defendant’s exception, in denying their motion for a new trial and in refusing to allow the filing of the amended petition.
When a proceeding for dissolution takes effect by the appointment and approval of a liquidator, all the rights, powers and duties of the officers and directors are vested in the liquidator, except as otherwise provided by law. LRS 12:141.
LRS 12:145(G) imposes a fiduciary duty upon the liquidator to care for and distribute the assets of the corporation. This duty is owed by the liquidator to the corporation in liquidation, to its shareholders, and to its creditors. Edwins v. Lilly, 422 So.2d 1217 (La.App. 1st Cir.1982).
A liquidator is liable to creditors when he fails to expeditiously wind up the corporation’s affairs and when he carries forward the business himself or misuses or misapplies the corporate assets. Todd Shipyards Corporation v. Lomm, 190 So.2d 125 (La.App 4th Cir.1966). The duties of a liquidator to wind up the corporation’s affairs include the assembling of its assets, paying debts and expenses of the liquidation, prosecuting or defending lawsuits in which the corporation may be involved, and paying any surplus remaining to the shareholders only after paying the creditors of the corporation. LRS 12:145(C), (F); Levy v. Billeaud, 443 So.2d 539 (La.1983); Drenning v. Kuebel, Inc., 339 So.2d 752 (La.1976).
The trial court apparently deemed that the plaintiffs’ cause of action was for an unlawful distribution of assets, governed by the provisions of LRS 12:92. This section is entitled “Liability of directors and officers.” Defendant contends that because the liquidator is statutorily vested with the duties and powers of the officers and directors, the two-year preemptive period of § 92 applies. We disagree.
Plaintiffs’ alleged cause of action against the liquidator is for breach of his fiduciary duty, wrongfully denying an allegedly valid claim against that corporation in liquidation. An action against a liquidator for breach of his fiduciary duty is subject to a prescriptive period of ten years. Levy, supra, at 545; Edwins, supra, at 1223.
In Levy, the shareholders brought' an action against the liquidator for an alleged unlawful transfer of assets. In Edwins, the corporation in liquidation brought an action against the liquidator for an alleged misappropriation of funds. In each case the action could have been termed an “unlawful distribution of assets,” but in each instance the action was held to be a personal action against the liquidator subject to the prescription of ten years. We must find that the trial court erred in applying the LRS 12:92 bar to plaintiffs’ action on the facts alleged.
The trial court’s judgment sustaining the defendant’s exception of no cause of action did not allow plaintiff to amend under CCP Art. 934. Plaintiff filed an amended petition after the opinion was rendered, but before judgment was signed, that named the corporation as a defendant and sought to have the certificate of liquidation revoked. Plaintiff had alleged in its original petition that notice of the dissolution was *658 not given until July 1983 when the premium bill was presented to the liquidator, Frank Miller.
LRS 12:147 allows a corporation in liquidation the benefit of certain peremptive periods against the claims of creditors, but only if the notice and publication requirements of § 147(B) are followed. § 147(A). The defendant in this appeal does not contend that these notice requirements were or were not followed. Plaintiff’s supplemental petition more specifically alleges that the notice and publication requirements of § 147(B) wére not followed. These allegations, if proven, may mean that plaintiffs claim against the corporation to annul the dissolution is viable.
Because we have found plaintiffs original petition to state a cause of action against the liquidator which is not perempt-ed or prescribed, we reverse and remand for a trial on the merits and direct the trial court to allow the filing of plaintiffs amended petition, which more particularly describes the allegations of fiduciary wrong-doing, and which states a cause of action against the corporation.
REVERSED AND REMANDED with directions at appellee’s cost.