FORET, Judge.
Plaintiff-appellee, Mae Frederick, filed suit against defendants, Albert LeBlanc, Jr., Albert LeBlanc, Sr., and Albert Le-Blanc Mobile Homes. Frederick is seeking damages for injuries sustained due to defendants’ failure to properly administer her claim against Albert LeBlanc Mobile Homes, Inc. during the dissolution of this corporation.
After trial on the merits, the trial court found defendants, Albert LeBlanc, Jr. and Albert LeBlanc, Sr., liable to Frederick in the amount of $10,900, plus $4,500 in attorney’s fees, together with interest from date of the judicial demand in an earlier proceeding, plus all costs of court. Albert Le-Blanc, Sr. has not appealed the judgment of the trial court.
Albert LeBlanc, Jr. appeals the trial court’s judgment, assigning the following as error:
1. Did the trial court err in finding that Albert LeBlanc, Jr. was the liquidator in the dissolution of Albert LeBlanc Mobile Homes, Inc.?
2. Did Albert LeBlanc, Jr. breach a fiduciary duty to Mae Frederick by failing to notify her of the dissolution of Albert LeBlanc Mobile Homes, Inc.?
3.Did the trial court err in granting Frederick additional attorney’s fees and interest from date of judicial demand in the original redhibition proceeding?
Insofar as we find no error in law or manifest error of fact in the ruling of the trial court, we affirm.
Appellant’s main contention is that he was not the liquidator of Albert LeBlanc Mobile Homes, Inc. and therefore cannot be held liable for the breach of a fiduciary duty as liquidator.
The trial court succinctly set forth its reasons for judgment, which we adopt in pertinent part:
“This matter originates from another lawsuit filed by the Plaintiff against Albert LeBlanc Mobile Homes, Inc. under Docket Number 84-5070 in this Court. In that matter, this Court determined that Plaintiff had a valid claim for redhibition on a defective mobile home and awarded her Ten Thousand Nine Hundred ($10,900) Dollars plus attorney’s fees in the amount of Three Thousand Five Hundred ($3,500) Dollars. When Plaintiff attempted to collect on that judgment she was informed by Albert Le-Blanc, Jr. that the corporation had been dissolved as of September 12, 1984 and that there were no assets of the corporation from which to satisfy the judgment. Plaintiff then instituted this suit against Albert LeBlanc, Jr. and Albert LeBlanc, Sr. personally from [sic] breach of their [fiduciary duties as corporate liquidators and shareholders.
“After due consideration of the law and evidence, this Court finds that Defendants, as liquidators of the corporation, Albert LeBlanc Mobile Homes, Inc., had a fiduciary duty to Plaintiff which was breached by their failure to notify Plaintiff of the dissolution as required by L.S.A.-R.S. 12:147(B). The Court also relies on L.S.A.R.S. 12:145(G) which imposes a fiduciary duty upon the liquidator to care for and distribute the assets of the corporation. This duty is owed by the liquidator to the corporation, its shareholders and to its creditors. Edwins v. Lilly, 422 So.2d 1217 (La.App. 1st Cir.1982); Great American Insurance Co. v. Miller, 508 So.2d 655 *803 (La.App. 2nd Cir.1987). Further, the Court recognizes that a liquidator is liable to creditors when he fails to expeditiously wind up the corporation’s affairs. Todd Shipyards Corp. v. Lomm, 190 So.2d 125 (La.App. 4th Cir.1966).
“In this instance Plaintiff filed her original lawsuit on September 5, 1984 after unsuccessfully requesting the return of the purchase price of the mobile home by certified letter dated June 19, 1984. Plaintiff engaged an attorney to send the aforementioned letter in June of 1984. In that letter her attorney clearly stated that should the corporation refuse to return the purchase price of the mobile home, further action would be considered. The corporation went into dissolution on August 16, 1984, only two (2) months after Plaintiffs letter and not even a month before suit was filed. Defendants did not, however, see fit to notify Plaintiff of the dissolution until almost two (2) years later, after judgment had been rendered against the corporation. This neglect of duty has precluded Plaintiff from any chance of recovering on the judgment she obtained against the corporation. The law governing dissolution of corporations, and the liquidator’s duties in that respect, is designated to protect the rights of the corporation, its shareholders and its creditors. Edwins v. Lilly, supra.
“This Court is of the opinion that in this case the liquidator had a duty to Plaintiff to notify her of the pending corporate dissolution since her lawsuit put her in the possition [sic] of a potential creditor. Had she been so notified, her attorney may have been able to protect her rights with respect to preserving corporate assets so that she would not end up with a worthless judgment. The liquidator’s failure to notify Plaintiff in this case makes him personally liable for the previous judgment obtained against the corporation. Todd Shipyards Corp. v. Lomm, supra.
“The next issue before the Court concerns the identity of the liquidator. The corporate resolution to dissolve the corporation names Albert LeBlanc, Jr. as liquidator while the certificate of dissolution filed with the Secretary of State is signed by Albert LeBlanc, Sr. as liquidator.
“Under these facts, the Court finds a complicity between Albert LeBlanc, Jr. and Albert LeBlanc, Sr. concerning the dissolution of their corporation. This complicity, resulting in injury to a creditor, renders both LeBlancs liable, insólido, to Plaintiff. La. Civil Code Article 2324.
“Accordingly, the Court will award Plaintiff judgment against Albert LeBlanc, Jr. and Albert LeBlanc, Sr. as liquidators in the amount of Ten Thousand Nine Hundred ($10,900) Dollars plus Thirty-five Hundred ($3500) Dollars attorney’s fees and an additional One Thousand ($1000) Dollars in attorney’s fees for bringing this lawsuit, plus all costs of court.”
It is undisputed that LeBlanc, Jr. represented the dissolved corporation at the trial on the original redhibition action on January 14, 1986 after the corporation had been dissolved as of September 12, 1984. After the appointment of a liquidator, the liquidator is the proper party to sue or be sued on behalf of the dissolved corporation. See LSA-R.S. 12:141; LSA-R.S. 12:145. Therefore, we agree with the trial court in finding that LeBlanc, Jr. was acting as liquidator, with the attendant fiduciary duty to the corporation’s creditors, and is therefore liable for the breach of this fiduciary duty.
Insofar as appellant contests the grant of additional attorney’s fees and the grant of interest from the date of judicial demand in the original redhibition action, we find merit to appellant’s argument. We find no authority in law which would allow the assessment of the additional $1,000 in attorney’s fees in this suit, as distinguished from the redhibition suit, and additionally, we find no authority to allow judicial interest from the date that the redhibition suit was filed. Plaintiff is, however, entitled to judicial interest from judicial demand in the instant suit.
The judgment of the trial court is amended to disallow the award of $1,000 in attorney’s fees, and the award of judicial interest from the date of the filing of the redhi-bition suit.
*804 IT IS ORDERED, ADJUDGED AND DECREED that there be judicial interest awarded from the date of the filing of this suit.
In all other respects, the judgment of the trial court is affirmed.
Costs of this appeal are assessed one half to Albert LeBlanc, Jr. and one half to plaintiff.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
GUIDRY, J., concurs.