ST. PAUL, Justice.
 

 This is a suit for an alleged balance due by the defendant corporation for gas taken by it under a gas lease from plaintiff.
 

 The defendant filed a plea in abatement on the ground that the corporation had been dissolved and had ceased to exist.
 

 In a supplemental petition, plaintiff prayed that the certificate of dissolution, issued by the secretary of state under section 62 of Act No. 250 of 1928, be canceled and annulled, and reiterated the demand of her original petition.
 

 It cannot be disputed that, if a corporation has been dissolved and therefore has ceased to exist, all actions by or against it abate. Musson v. Richardson, 11 Rob. 37 7 R. C. L. 735, 736, 738-740. Hence plaintiff seeks to set aside the dissolution on the ground that the liquidator appointed to effect the same under sections 54, 57, and 62 of Act No. 250 of 1928 knew of the pendency of this suit when he certified to the secretary of state that the affairs of the defendant corporation had been completely wound up and received from the secretary of state the certificate of dissolution.
 

 But the trial judge found, and we think correctly, that the liquidator had no knowledge of the pendency of this suit until after he received the certificate of dissolution.
 

 On September 15, 1931, the defendant sold all of its assets to the United Gas Public Service Company for the recited price of $10,-000 cash, but, as the United Gas Public Service Company was the sole stockholder in the State Line Oil & Gas Company, the defendant, the payment of the price was a mere bookkeeping entry on the books of the two corporations.
 

 On December 28, 1931, defendant corporation passed a resolution to dissolve the corporation and appointed a liquidator for that purpose.
 

 On January 4, 1932, the liquidator made out his certificate and sent it to the secretary of state. On the same day this suit was filed and served on the president of the defunct corporation, but not on the liquidator who had been appointed, and the liquidator had no knowledge thereof.
 

 On January 7, 1932, the secretary of state issued his certificate of dissolution, which was duly recorded on January 9. About one' hour thereafter the liquidator was served with this suit, which was the first knowledge which the liquidator had of the pendency thereof.
 

 Under the circumstances, we think the trial judge was right in refusing to annul the certificate of dissolution.
 

 Decree.
 

 For the reason assigned, the judgment appealed from- is affirmed.