COLE, Judge.
Plaintiff-appellant, Mayfair Sales, Inc., appeals a summary judgment rendered in favor of appellee, Oscar Sams, dismissing appellant’s petition to revive a money judgment. The issue presented to the court poses these questions. When a final, definitive judgment is obtained by a corporation and the corporation is thereafter dissolved, may a proceeding to revive the judgment be brought solely in the name of the dissolved corporation? If not, who is the proper party plaintiff to file the petition to revive the judgment?
Mayfair Sales was granted a judgment against Oscar Sams on May 17, 1965, for $256.04, representing the amount of an N.S.F. check made by Sams payable to Southern Steel of Baton Rouge and duly endorsed. On November 15, 1965, voluntary dissolution proceedings were commenced by Mayfair Sales and a liquidator was appointed. Mayfair Sales was dissolved as a corporation on May 10, 1966, as certified by the Secretary of State. This judgment against Oscar Sams was not listed in the dissolution proceedings as an asset of the corporation.
A petition to revive the judgment of May 17, 1965, was filed on April 7, 1975, by the original attorney of record in the name of Mayfair Sales, Inc. Subsequently, the defendant moved for and was granted a summary judgment based on the prior dissolution of the plaintiff corporation.
Appellant contends that a dissolved corporation may bring an action to revive a judgment in its own name without being represented by its liquidator, when the original action or suit commenced before the effective date of the dissolution. This con *1279 tention is founded upon La.R.S. 12:148(C), which provides:
“C. Upon issuance of the certificate of dissolution, the corporate existence shall cease as of the effective date stated in the certificate, except for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation.”
The purpose of this statute is to allow for the extension of corporate existence to finalize litigation previously commenced by or against the corporation. Without this statute, unresolved claims by or against a corporate entity asserted prior to dissolution would abate upon dissolution of the corporation. See McCoy v. State Line Oil & Gas Company, 180 La. 579, 157 So. 116 (1934).
Appellant misconstrues the statute by equating an “action or suit” with a final judgment that has acquired the authority of the thing adjudged, i. e., one which has become definitive. Article 421 of the Louisiana Code of Civil Procedure defines a civil action as “a demand for the enforcement of a legal right.” Article 1841 defines a judgment as “the determination of the rights of the parties in an action” and a final judgment as one “that determines the merits in whole or in part.” Article 1842 states that a final judgment is definitive when it has acquired the authority of the thing adjudged. Hence, when the period expired for the taking of a devolu-tive appeal from the judgment of May 17, 1965, Mayfair Sales, Inc., as a viable existent entity, acquired an asset in the nature of an executory judgment. La.C.C.P. art. 2087. It no longer had an action (demand) for the enforcement of a legal right to the sum of $256.04 represented by the N.S.F. check. The “action or suit” not only had commenced prior to dissolution of the corporation, it had also terminated and, therefore, there was nothing to prevent a cessation of the corporate existence. Redundantly, the exception provided for in La. R.S. 12:148(C) is not relative to the facts peculiar to this case and cannot be interposed to continue corporate existence for the purpose of petitioning to revive a judgment. It should be noted that a petition to revive a money judgment contemplates “an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.” See La.C.C.P. art. 2031. A fortiori, that which does not exist cannot be “an interested party”; and, therefore, a negative answer to the question herein-above first posed is mandated.
As regards the proper party plaintiff to file a petition to revive the judgment rendered in favor of Mayfair Sales, Inc., on May 17, 1965, reference should be made to the statutory provisions concerning corporate liquidation.
Louisiana’s Business Corporation Law provides that upon commencement of voluntary dissolution proceedings a liquidator is to be appointed. La.R.S. 12:142(B). The powers of the liquidator are covered in La.R.S. 12:145 and are far-reaching. They include full authority:
“To demand, collect, sue for and recover, in the name of the corporation, the debts and property of the corporation.
The liquidator is intended to have full authority to act in behalf of the corporation with the ultimate goal of concluding all corporate affairs. Any assets remaining after the payment of all debts and liabilities are to be paid by the liquidator to the shareholders according to their preferences. La.R.S. 12:145(F). If any property is inadvertently omitted from the liquidation, it vests in the liquidator for the benefit of those persons entitled to it. La.R.S. 12:148(D). Further, after the dissolution of the corporation, the liquidator is given the express power “to take all action required to preserve the interests of the corporation.” La.R.S. 12:148(E). This would include the action to revive a money judgment as provided for by La.C.C. art. 3547 and La.C.C.P. art. 2031.
In the present case, the judgment in favor of the corporation was omitted from the liquidation. Contrary to the assertion by the liquidator that there were no assets *1280 whatsoever remaining, the judgment represented an asset and, under § 148(D), it vested in the liquidator. During the prescriptive period provided for by La.C.C. art. 3547, the liquidator of Mayfair Sales, Inc., is the proper party to bring an action in the name of the corporation to revive the judgment. The record does not reflect that the person appointed liquidator has ever been discharged of his responsibilities. In the event of his death, disability or unwillingness to serve, the court, under La.R.S. 12:148(E), has the power to appoint a new liquidator.
To determine that § 148(C) extends corporate existence for almost nine years after dissolution for purposes of reviving a judgment would be to extend it beyond its intended purpose as discussed previously. Further, such an interpretation would be in conflict with the other statutory provisions providing for the orderly liquidation of a corporation and the disposition of corporate assets upon liquidation.
For the foregoing reasons, we affirm the summary judgment of the trial court dismissing appellant’s action to revive the judgment. Appellant is to pay all costs of these proceedings.
AFFIRMED.