GRISBAUM, Judge.
Mr. James Ranna appeals the trial court’s judgment declaring the partition of community property with appellee, Deborah Mat-tix, null and void. At issue is a written agreement to partition community property, entered into prior to signing of the judgment of separation.
On June 1, 1978 James Ranna, Sr. filed suit for separation against his wife Deborah Mattix. On December 18, 1978 appellant and appellee appeared in court and testified they had lived separate and apart for over six months, had irreparable differences, and desired to mutually terminate the marriage. The judge ruled from the bench that the parties were entitled to a separation a men-sa et thoro. The attorney for Deborah Mat-tix approached the bench with a judgment for the judge to sign. Mr. Ranna’s counsel then left the courtroom because of illness. According to Mr. Ranna’s attorney, he and both parties waited outside the courtroom and was informed by Mrs. Mattix’s attorney that a clerical correction had to be made in the judgment before the judge would sign it. Mrs. Mattix’s counselor then went to make such correction. For the next seven months, attorneys for both parties communicated with each other a number of times about resolving the community property settlement. On July 25, 1979, although Mrs. Mattix’s attorney left on vacation, Mrs. Mattix and Mr. Ranna signed a partition agreement. Counsel for Mr. Ranna noted the absence of a judgment in the record of the clerk of court. On January 11, 1980 a judgment of separation was finally signed pursuant to the previous record which indicated that the separation had been granted. Mrs. Mattix also obtained a divorce on that date. The instant action to nullify the partition agreement was filed on November 25, 1980 to which appellant filed an exception of no right or cause of action which was overruled by the court on April 1, 1981. Trial on the merits was held on January 18, 1982 and judgment was rendered on January 28, 1982 nullifying the partitioning of community property.
Counsel for appellant argues on appeal the doctrines of unjust enrichment and es-toppel. However, he cites no authority for applying either to the facts of this case. This court finds no validity to either argument.
Estoppel cannot be invoked to impair the effect of a prohibitory law. La. C.C. arts. 11 and 12; Williams v. Alexander, 193 So.2d 94 (La.App. 1st Cir.1966). La.C.C. art. 1790 and art. 2446 prohibit a husband and wife from contracting with each other unless in payment of their rights when judicially separated. Thus, estoppel is not an appropriate remedy in the instant case.
The requirements for recovery under the theory of unjust enrichment are that there be (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) an absence of “justification” or “cause” for the enrichment and the impoverishment, and (5) the unavailability to plaintiff of any other remedy at law. Vandervoort v. Levy, 396 So.2d 480 (La.App. 4th Cir.1981). These requisites have not been met in our case. There was justification for each party releasing some of the community property as each got full ownership of their part. Also, there was availability of another remedy at law, that being an action showing the parties had ratified the partition agreement.
According to the laws existing at the time of these events, a property settlement entered into prior to the dissolution of the community was a relative nullity. Therefore, the agreement was subject to ratification once the parties’ incapacity to contract was removed. La.C.C. art. 1790 and 2446; Fisher v. Fisher, 261 So.2d 85 (La.App. 3d Cir.1979); Nix v. Nix, 385 So.2d 503 (La.App. 1st Cir.1980). However, the issue of ratification is a special defense which should have been affirmatively pleaded in appellant’s answer. Appellant has failed to raise the issue of ratification at all. For this reason we decline to consider the issue of ratification.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.