487 So.2d 143 (1986)
DePAUL HOSPITAL and Elizabeth D. Ruth, Individually and as Administratrix of the Estate of her Minor Son, Michael E. Ruth, III
v.
The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK and Howard, Weil, Labouisse, Friedrichs, Inc.
No. CA-4334.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Rehearings Denied May 15, 1986.
*144 Michael E. Botnick, Oestreicher, Whalen & Hackett and Robert A. Kutcher, Bronfin, Heller, Steinberg & Berrins, New Orleans, for DePaul Hosp. and Elizabeth D. Ruth, plaintiffs-appellants.
Philip A. Franco, Richard A. Goins, Adams and Reese, New Orleans, for Howard, Weil, Labouisse, Friedrichs, Inc., defendant-appellee.
Raymond J. Salassi, Jr., Veronica A. Cubit, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Mut. Life Ins. Co. of New York, defendant-appellee.
Before BYRNES, WARD and WILLIAMS, JJ.
BYRNES, Judge.
This is an appeal from a Summary Judgment granted to Howard, Weil, LaBouisse, Fredrichs, Inc. (Howard-Weil) against the plaintiffs, Elizabeth D. Ruth and DePaul Hospital (DePaul), in a suit for group medical insurance benefits. We affirm.
Mrs. Ruth, who sued on behalf of her minor son, Michael Ruth III, is the wife of a Howard-Weil employee covered by the corporation's employee welfare benefit plan. Howard-Weil had previously contracted with Mutual Life Insurance Company of New York (MONY) to provide the insurance which implemented this plan. The policy allowed one million dollars in medical benefits to Howard-Weil's employees, but limited benefits for hospitalization due to mental or nervous disorders to ten thousand dollars. Because Howard-Weil is a multi-state employer, its plan was formulated in conformity with the federal government's standards set out in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.
Michael Ruth was admitted to DePaul Hospital for treatment of a mental disorder. Prior to accepting Michael as a patient, DePaul contacted Howard-Weil by telephone to confirm the existence and extent of the Ruth's insurance coverage. In the course of that conversation, DePaul was told that one million dollars in coverage was available. A written verification form which confirmed the one million dollars in coverage, but did not distinguish between benefits for medical and mental disorders was then sent to DePaul by a Howard-Weil employee. After the initial *145 claims for payment were filed, Howard-Weil became aware of its mistake, notified Mrs. Ruth of the limitations of the policy and refused to pay for coverage in excess of ten thousand dollars. For various reasons, the Ruths decided to continue Michael's treatment at DePaul.
Mrs. Ruth and DePaul then filed suit against Howard-Weil and MONY seeking to receive the benefits they allege were promised. They urge two theories of recovery: 1) that under La.R.S. 22:669 a person selling insurance must offer the policyholder the right to equal medical and mental benefits; or in the alternative, 2) that under state law theories of estoppel and stipulation pour autrui, DePaul may recover its charges for Michael's treatment.
The trial court found that ERISA preempted all claims against Howard-Weil and dismissed it from the suit. This ruling did not affect appellants' state law claims against MONY which remained in Civil District Court.

ERISA
ERISA is a broad based federal legislative scheme designed to protect the interests of participants in private employee benefit plans. Among other things, this federal statute applies to employers in interstate commerce who provide medical coverage for their employees independently or through the purchase of insurance. 29 U.S.C. § 1002(1). ERISA does not require employers to provide any particular benefits. Its purpose is to provide information to participants by establishing disclosure and reporting procedures which explain the benefits of the plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91, 103 S.Ct. 2890, 2897, 77 L.Ed.2d 490 (1983).
Section 1144 of Title 29 of the United States Code defines the scope of ERISA. The section begins with a broad clause preempting all state laws, codes, and judicial decisions which directly or indirectly relate to employee welfare benefit plans. A savings clause exempts all state law regulating insurance, banking or securities from the provisions of ERISA, and thus narrows the scope of the preemption. 29 U.S.C. § 1144(b)(2)(A). A separate clause, the so-called "deemer" provision, preempts any insurance regulation which attempts to treat an employer providing an ERISA plan as an insurance company or other insurer. 29 U.S.C. § 1144(b)(2)(B).
The purpose of these three provisions is to create uniformity in the implementation of a plan while eliminating potential conflict with state laws. Similarly, the purpose of exempting employers from insurance regulation is to encourage them to offer fringe benefit plan without incurring the additional liability and responsibility of compliance with insurance regulations. Eversole v. Metropolitan Life Insurance Co., 500 F.Supp. 1162, 1167 (C.D.Cal.1980).

STATE LAW CLAIMS
We now address the question of whether ERISA preempts appellants' state law claims. The first of these claims relates to state insurance law.
As a general rule, a law which attempts to protect the interests of those purchasing insurance policies is treated as regulating insurance and is not preempted by ERISA. 29 U.S.C. § 1144(b)(2)(A); SEC v. Nat'l Securities, Inc., 393 U.S. 453, 460, 89 S.Ct. 564, 568, 21 L.Ed.2d 668 (1969). In this case, appellants sought to invoke the provisions of La.R.S. 22:669, which provides that:
Every person authorized to issue ... an employee welfare benefit plan ... shall offer to the policyholder ... an optional provision in the benefit plan ... which states that benefits shall be payable for services rendered for the treatment of mental or nervous disorders, or both, under the same circumstances and conditions as benefits are paid under those ... benefit plans ... for all other diagnoses.
This statute clearly seeks to regulate insurance.
State laws such as R.S. 22:669, which require equal mental and medical benefits, have repeatedly been upheld as insurance regulation law not preempted by ERISA. *146 Metropolitan Life Insurance Co. v. Massachusetts, ___ U.S. ___, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); Wadsworth v. Whaland, 562 F.2d 70 (1st Cir.1977), cert. denied 453 U.S. 980, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978); Insurance Com'r of the State of Maryland v. Metropolitan Life Insurance Co., 296 Md. 334, 463 A.2d 793 (1983).
However, regardless of whether R.S. 22:669 is preempted by ERISA, we find that it does not apply to Howard-Weil under the facts of this case. In Wheelahan v. State, Louisiana State Claims Review Board, 376 So.2d 576 (La.App. 4th Cir.1979), this court held that when applying R.S. 22:669 in a group insurance context, the person "authorized to issue" is the insurance company and the "policyholder" is the employer administering the plan to its employees. Thus, in the instant case, MONY was the person authorized to issue insurance, and Howard-Weil was the policyholder. Under these circumstances, Howard-Weil was never under an obligation to offer equal coverage to the Ruths and therefore cannot be held liable for failing to do so.
Were we to accept the statutory construction urged by the appellants and consider Howard-Weil to be the person "authorized to issue" insurance and the Ruths to be the "policyholders", we would in effect be treating an employer, Howard-Weil, as an insurer in contravention of the "deemer" provision of ERISA discussed above. Thus, even if we were willing to treat Howard-Weil as an insurer under R.S. 22:669, ERISA would still prohibit application of that statute in this case.
In the alternative, the appellants claim that Howard-Weil is liable under state law theories of estoppel and stipulation pour autrui.
In Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975), the Supreme Court defined the elements of equitable estoppel as:
(1) a representation by conduct or word;
(2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. 323 So.2d at 126.
Essentially, estoppel is a suit for a negligent representation, or as in the instant case, for negligent disclosure. The purpose of ERISA is to provide reporting and disclosure guidelines for employers. Federal law, through ERISA, provides employees with a cause of action for negligent disclosures. 29 U.S.C. § 1101 et seq. The provisions of ERISA make it clear that the granting of a cause of action in federal court was intended to preempt assertion of that cause of action in state court. Permitting appellants to hold Howard-Weil liable under an equitable estoppel theory would permit them to do indirectly by retort to equity what positive law will not permit them to do directly.
It is well settled that a plea of estoppel cannot be invoked to impair the effect of a prohibitory law. C.C. Arts. 11 and 12; Ranna v. Ranna, 427 So.2d 584, 585 (La. App. 5th Cir.1983); Williams v. Alexander, 193 So.2d 94 (La.App. 1st Cir.1966). In this case, ERISA prohibits suit against the employer under state law. Hence, estoppel cannot be used by the appellants to impair the effect of this prohibition. The trial court was correct in dismissing the estoppel claim against Howard-Weil.
The final argument raised by the appellants is that a stipulation pour autrui was formed when they received the verification form. Under Louisiana contract law, a valid stipulation pour autrui exists if there is a commutative contract which is "in writing and clearly manifest[s] an intention to confer a benefit upon a third party." Hertz Equipment Rental Corp. v. Homer Knost Construction Co., 273 So.2d 685, 688 (La.App. 1st Cir.1973). Because the verification form was sent merely to confirm the existence of benefits, the intent of the parties appears to have been informative. A commutative contract was never formed. Howard-Weil therefore cannot be held liable under this theory of recovery.
Although we uphold Howard-Weil's dismissal, this opinion is not intended to affect the state insurance law claims remaining against MONY. Moreover, if MONY is found liable for Howard-Weil's inaccurate *147 disclosure under agency or any other legal theory, we express no opinion as to MONY's right to seek indemnification from Howard-Weil under ERISA.
For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are to be divided equally among the parties.
AFFIRMED.