631 So.2d 1308 (1994)
WHITNEY NATIONAL BANK
v.
HOWARD WEIL FINANCIAL CORPORATION and Howard, Weil, Labouisse, Freidrichs Incorporated.
No. 93-CA-1568.
Court of Appeal of Louisiana, Fourth Circuit.
January 27, 1994.
*1309 Charles W. Lane, III, Rosemarie Falcone, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for appellants.
F. Frank Fontenot, Mark P. Dauer, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for appellee.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Howard, Weil, Labouisse, Friedrichs, Inc. (Howard Weil) and Howard Weil Financial Corporation (Financial) appeal a summary judgment granted in favor of Whitney National Bank in the amount of $83,000.00. Whitney answered the appeal asserting the inadequacy of the damages. The facts precipitating this litigation are as follows.
In order to secure a loan with the Whitney Bank, C. Peck Hayne, a vice-president of Howard Weil, pledged three thousand shares of Howard Weil. Because Howard Weil's articles of incorporation prohibited pledge of its stock without its consent, a "Consent to Pledge Agreement" was executed on March 16, 1981, by Hayne, Whitney and Howard Weil. That agreement provided, in pertinent part, that "the Corporation hereby consents to the pledge by C. PECK HAYNE ... of Three Thousand(3,000)shares ... of the Corporation ... to WHITNEY NATIONAL BANK OF NEW ORLEANS ... to secure payment by Shareholder ... of ... certain promissory notes in the principal sum of $83,000.00...." The promissory note's date, March 16, 1981, is deleted in the agreement and the word "Various" is substituted. The default provisions of the agreement irrevocably name Whitney as Hayne's agent and attorney-in-fact with the authority to transfer the stock and receive all payments with respect to the shares.
On February 22, 1984, Howard Weil merged with a subsidiary corporation of Financial, thus becoming a wholly owned subsidiary of Financial. The merger agreement provided that each shareholder of Howard Weil was to receive four shares of Financial for each share of Howard Weil upon the presentation and surrender of the certificate or certificates representing Howard Weil's stock. On July 18, 1984, Certificate No. 27 representing 12,000 shares of Financial was issued to Hayne purportedly in substitution for his Howard Weil shares. However, Hayne's original certificates representing the 3,000 shares of Howard Weil and pledged to Whitney were in Whitney's possession and were never surrendered or presented to Financial.
In February of 1987, Financial merged with Legg Mason, Inc. Apparently, sometime in 1986 Hayne sold 6,000 of his 12,000 Financial shares. The remaining 6,000 shares were subsequently exchanged by Hayne for 5,038 shares of Legg Mason.[1]
In December of 1991, Whitney tendered the pledged Howard Weil stock to Howard Weil and requested that the appropriate Financial certificates be issued in the name of C. Peck Hayne and returned to Whitney. Howard Weil responded to this request on *1310 January 9, 1992, by informing Whitney that Hayne had already received certificate no. 27 for 12,000 shares and that the stock retained in pledge by Whitney had no present value. The stock certificates were returned to Whitney.
Whitney filed the instant lawsuit seeking damages as a result of Howard Weil and Financial's "wrongful refusal to register the transfer and exchange of the Howard Weil Stock Certificates tendered to them." After defendants filed an answer and reconventional demand asserting, inter alia, the nullity of the pledge, Whitney filed a motion for summary judgment which the trial court granted. The court reasoned:
"Howard Weil, Inc. consented to the pledge of Howard Weil, Inc. stock by C. Peck Hayne to the Whitney in the principal sum of $83,000.00 in 1981.
In 1984, the merger agreement between Howard Weil, Inc. and Howard Weil Financial Corporation required the physical surrender of the stock before the new shares were issued. Notwithstanding this Howard Weil Financial issued to C. Peck Hayne the shares of stock in Howard Weil Financial without the physical surrender of the Howard Weil, Inc. stock which was physically held at that time by the Whitney National Bank.
Accordingly, the Court finds that the Whitney is entitled to recover the sum of $83,000.00 from Howard Weil, Inc. and Howard Weil Financial Corporation."
Howard Weil and Financial perfect this appeal asserting error by the trial court in relying on the merger agreement to establish a duty owed to the Whitney. They also argue that Whitney failed to establish the continued existence of the pledge and/or the underlying $83,000.00 debt. Affirmatively, they also assert that a material issue of fact remains relative to Whitney's own negligence in the manner which they monitored Hayne's loan.
Whitney answered the appeal asserting the $83,000.00 award is incorrect. It argues it is entitled to the highest market value of the Legg Mason, Inc. stock between the dates of December 19, 1991, when the demand for transfer was made, and February 25, 1993, the hearing date of its motion for summary judgment.
The issues for our determination are whether the trial court's reliance on the merger agreement was correct; whether material issues of fact remain so as to preclude a summary judgment on liability; and if appellants are liable, whether the damage award is correct.

LIABILITY:
Initially we observe that Whitney's claim is not a foreclosure of its pledge, but a tort claim based on the appellants' failure to transfer and reissue the pledged stock. To be successful in its assertion, a duty must be owed to Whitney, as the pledgee, which duty was breached by appellants. The trial court relied on the merger agreement to establish that duty. We agree with that finding.
The merger agreement provides in Section III(b) that:
"Each holder of Common Stock of the Surviving Corporation, upon presentation and surrender to the Surviving Corporation of the certificate or certificates representing such stock of the Surviving Corporation, shall be entitled to receive in exchange therefor certificates representing shares of Common Stock of Financial on the basis herein provided."[2]
Appellants argue that the merger agreement does not confer third party benefits on Whitney, and because Whitney is not a party to the agreement, no duty extends to it. They assert that there is no evidence which shows any intent in the agreement to confer any benefits on Whitney. We disagree.
A contracting party may stipulate a benefit for a third person, not a party to the contract. La.C.C. Art. 1978. Such a stipulation, generally referred to as a stipulation pour autrui, gives the third party beneficiary the right to demand performance from the promisor. La.C.C. Art. 1981. Intent to confer benefits on a third party is a prerequisite to establishing a stipulation pour autrui. Ashley Enterprises, Inc. v. Esplanade Plaza *1311 Co., 425 So.2d 1010 (La.App. 5th Cir.1983), writ denied 432 So.2d 270 (La.1983). See, Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969), wherein the Supreme Court enumerated factors to be considered in deciding whether a third party advantage exists.
The plain wording of the merger establishes the intent in the instant case. The agreement provides that "holders" of the common stock of Howard Weil, upon presentment and surrender, shall be entitled to receive in exchange, shares of Financial. Howard Weil owed an obligation to its stockholders to exchange its certificates for that of Financial. Although not parties to the merger agreement, the Howard Weil stockholders are beneficiaries of its terms. There existed a legal obligation by Howard Weil, a contracting party, to the non-party shareholders, which would have been satisfied with the exchange of the certificates "upon presentation and surrender." See, Andrepont v. Acadia Drilling Co., supra. This obligation is recognized and established in the agreement and confers third party beneficiary rights on the holders of Howard Weil common stock.
Appellants argue, however, that Whitney was not a shareholder and thus not entitled to third party beneficiary status. This reasoning is flawed for two reasons. First, the agreement states "holders" of common stock, not registered owners. Whitney legitimately held the certificates as a pledgee, and thus was holder of the stock. Second, and more important however, is the fact that Whitney's request was not to re-register the stock in its own name, but merely to issue certificates of Financial in the name of the registered owner C. Peck Hayne. As a holder of Howard Weil's stock, Whitney is entitled to the status of a third party recipient of Howard Weil's obligation under the merger to exchange the stock "upon presentation and surrender."
Appellants counter the above analysis with the argument that Whitney's status as a pledgee is an issue still to be resolved and thus not appropriate for summary judgment. In support, they cite Whitney's failure to produce the note of March 1981 evidencing the underlying $83,000.00 debt or any pledge agreement. This argument also lacks merit.
When stock is the object of a pledge, delivery, without any other formalities, validates the pledge. La.C.C. Art. 3158(B)(1). It is undisputed that Whitney had possession of the stock certificates. No separate pledge agreement was necessary. Further, the affidavit of Mark A. Smith, Whitney's assistant cashier, states that Hayne's obligation, since March of 1981 has exceeded $83,000.00, and at the time this suit was filed, was in excess of $2,185,518.84. Despite Howard Weil's arguments to the contrary, Hayne's pledge was not to any particular $83,000.00 debt, but for any debt in the amount of $83,000.00. The agreement identifies no particular note, but refers to the $83,000.00 debt as represented by "various" promissory notes. Further, even if the first $83,000.00 borrowed by Hayne had been paid, and then subsequent funds borrowed, Whitney's pledge would still be valid. Civil Code Article 3158(C)(1) provides that as long as the pledged stock remains in the possession of the pledgee, it remains a valid pledge for subsequent loans, renewals of the original loan, or partial renewals, "even though the original loan has been reduced or paid." We hold that Whitney had a valid pledge of the stock at the time it requested exchange of the certificates.
Citing La.R.S. 12:79 and La.R.S. 10:8-207 appellants further assert the defense of valid payment of the stock to Hayne, the registered owner.
Pretermitting the issue of whether La.R.S. 10:8-207 is applicable to the securities in the instant case, we discuss the merits of its application.[3] Section one of R.S. 10:8-207 provides:
"Prior to due presentment for registration of transfer of a certificated security in registered form, the issuer ... may treat the registered owner as the person exclusively entitled to vote, to receive notification, *1312 and otherwise to exercise all the rights and powers of an owner."
Quoting part of Comment (1) of this statute, appellants argue that "any such distribution [to a registered owner] shall constitute a defense against a claim for the same distribution by a person, even if that person is in possession of the security and is a bona fide purchaser of security". As a general rule, this assertion is correct. This legal defense, however, is limited where the terms of the security do require its surrender as a condition of payment or exchange. See, Comment (1) to La.R.S. 10:8-207.
The Howard Weil stock certificate, on its face, provides that it is transferable only "by the holder thereof in person or by attorney upon surrender of this Certificate...." (emphasis added). The certificate's requirement of "surrender" is echoed in the merger agreement's requirement of "presentation and surrender." Therefore, even assuming Chapter 8 is applicable to the securities in this case, appellants cannot claim the legal defense of payment under R.S. 10:8-207(1) because they have violated their self imposed restriction of surrender prior to transfer.
Howard Weil makes the argument that the certificate's "surrender provisions" only apply to a transfer and not an exchange and since Hayne only exchanged his certificates, surrender was unnecessary. We disagree. The distinction Howard Weil attempts to make between "transfer" and "exchange" makes no difference. If anything, an exchange, by definition, means giving one thing for another, suggesting the return of the old certificates for new ones.
This same reasoning applies to appellants' reliance on La.R.S. 12:79. Granted, that statute protects a corporation's recognition of the person registered on its records as the owner of its shares; however, that protection must be limited by the corporation's own charter, by-laws and other shareholder agreements. Thus, where a corporation expressly provides that transfer can be accomplished only upon presentation and surrender of the certificates, R.S. 12:79 affords no relief if the surrender requirement is not satisfied. At least two instances, the certificate itself and the merger agreement, limit appellants' immunity in the exchange of its stock by requiring surrender of the certificate.
Appellants next argue that questions of fact remain regarding Whitney's own negligence. In brief, they ask whether Whitney knew or should have known of the 1984 merger; whether Whitney knew or should have known that Legg Mason, Inc. acquired Financial Corporation; and whether Whitney properly policed its collateral. Appellants assert that these unresolved issues remain precluding summary judgment. We disagree.
Whitney had a valid pledge of Hayne's stock. Howard Weil consented to that pledge. The merger agreement, the restrictions on the face of the certificate, and various provisions of the Articles of Incorporation[4] all require surrender of the certificates as a prerequisite to transfer. Irrespective of the answers to appellants' questions, Whitney, as pledgee, had a right to rely on the possession of Hayne's certificates as protection from any erroneous exchange or transfer of the stock represented thereby. No matter how relaxed Whitney treated its collateral, Howard Weil's failure to abide by its own restrictions on the transfer or exchange of its stock cannot be excused. Accordingly, we hold that the trial court was correct in holding Howard Weil and Financial liable to Whitney for the loss of its pledge.

DAMAGES:
Whitney answered the appeal asserting that it is entitled to the optimum market value of the Legg Mason, Inc. stock between December 19, 1991 and the date this matter was tried. It argues that value to be $29.75 per share or $299,772.90 for the 10,076.4 shares of Legg Mason, Inc. it would have received but for appellants' failure to exchange and reissue the stock of Financial. We disagree.
*1313 It is undisputed Whitney's pledge of Hayne's stock required the consent of Howard Weil. That consent was given to secure an $83,000.00 debt. If Howard Weil had, in fact, properly transferred the certificates, Whitney's security still would have been limited to the amount of the pledge $83,000.00. If the Legg Mason stock had been sold there is absolutely no evidence in the record to substantiate Whitney's claim to any excess over the $83,000.00. If the proceeds of the sale exceed the secured debt, the surplus is restored to the owner. La.C.C. Art. 3172. In this case, since Hayne was in bankruptcy, the surplus would have probably been placed in the bankruptcy court for distribution to Hayne's creditors. Whitney's recovery under the pledge was limited to $83,000.00 and hence, it suffered no loss greater than that amount because of appellants' error.
Whitney argues that pledge agreements signed by Hayne in 1986 and 1989, subsequent to the consent agreement encumber all of the proceeds which would be generated from the sale of the stock. We disagree. First, the existence of a separate pledge agreement is not necessary to effectuate a valid pledge. See, La.C.C. Art. 3158(B)(1). The only requirement is delivery. Thus those subsequent agreements give Whitney no greater claim to the stock than it had originally. Second, and more important, is the fact that Howard Weil gave its consent to pledge only once, and then for $83,000.00. Vis-a-vis Howard Weil, Whitney's claim cannot be greater than the amount of that consent. Whitney's argument confuses its claim against Howard Weil with a foreclosure against Hayne. This is not a stock foreclosure suit, it is a damage claim for Howard Weil's negligent transfer of the stock to Hayne.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] One share of Financial was exchanged for.8397 of Legg Mason.
[2] The surviving corporation is Howard Weil.
[3] La.R.S. 10:8-102 defines a "certificated security" which is governed by the provisions of Chapter 8. However, there is insufficient evidence in the record to determine if that definition is satisfied.
[4] See, for example, Article IX section 1 which requires presentation of the stock certificates when a holder requires the corporation to purchase his stock.