1 So.3d 756 (2008)
Bryan Anthony SCHEAFFER and Gabriela Harper Scheaffer
v.
BALBOA INSURANCE COMPANY a/k/a Newport Insurance Company and Countrywide Home Loans.
No. 2008-CA-1008.
Court of Appeal of Louisiana, Fourth Circuit.
December 17, 2008.
Gabriela Harper Scheaffer, Bryan Anthony Scheaffer, Chalmette, LA, in proper persons, Plaintiffs/Appellants.
*757 Eric J. Simonson, Lauren E. Campisi, McGlinchey Stafford, PLLC, New Orleans, LA, for Defendants/Appellees.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
This appeal was filed pro se by plaintiff, Gabriela Harper Scheaffer, individually and on behalf of her husband, Bryan Anthony Scheaffer. Subsequently, the defendant/appellees, Newport Insurance Company (Newport) and Countrywide Home Loans, Inc. (Countrywide), filed a "Motion for Partial Dismissal of Appeal." After review of the record in light of the applicable law and arguments of the parties, the trial court's judgment of June 4, 2008, is affirmed and the appellee's motion for partial dismissal of the appeal is denied as moot.

Relevant Facts and Procedural History
This litigation arises out of damages to the plaintiffs' residence[1] in St. Bernard Parish as a result of Hurricane Katrina which made landfall in Louisiana on August 29, 2005. In accordance with the mortgage on the property held by Countrywide, the plaintiffs were required to obtain and maintain hazard insurance on their home for the duration of their loan on the property. The mortgage agreement included a provision allowing Countrywide to procure hazard insurance to protect its own interests if the plaintiffs failed to comply with their obligation to maintain hazard insurance on the property. The plaintiffs allowed their homeowners' insurance policy to lapse and by letter dated July 13, 2005, Countrywide notified the plaintiffs that in accordance with their loan agreement hazard insurance coverage had been purchased from Newport at the plaintiffs' expense (from their escrow account) to protect Countrywide's interest in the property. The Notice of Premium attached to the letter specifically informed the plaintiffs in all capital letters:
YOU ARE NOT AN INSURED UNDER THIS POLICY, AND YOU ARE NOT ENTITLED TO RECEIVE THE PROCEEDS FROM THIS POLICY IN THE EVENT OF LOSS OR DAMAGE TO YOUR PROPERTY. THIS POLICY PROTECTS ONLY THE MORTGAGEE'S INTEREST IN THE DESCRIBED LOCATION.
The plaintiffs' home sustained massive damage as a result of Hurricane Katrina and after an unsuccessful attempt to make a claim on the Newport insurance policy, the plaintiffs filed suit on August 24, 2006, against Countrywide and Newport[2] claiming that (1) Countrywide and Newport breached the express terms and conditions of the policy of insurance by failing to pay the plaintiffs for their losses and (2) due to the capricious and arbitrary nature of the actions by Countrywide and Newport, the plaintiffs were entitled under La.Rev.Stat. 22:658 and La.Rev.Stat. 22:1220 to additional penalties, including general damages. On March 21, 2007, Countrywide filed an exception of no cause of action, arguing that because it was not an insurance company, it could not issue an insurance policy, have a duty or ability to pay insurance claims, or be liable for penalties *758 under the Louisiana Insurance Code. The trial judge sustained Countrywide's exception but granted the plaintiffs' leave to amend their lawsuit.
The plaintiffs filed a supplemental and amending petition on June 26, 2007, alleging that Countrywide breached a fiduciary duty by refusing to assist them in procuring funds from Newport for repairs to the property and by conspiring with Newport "to suppress the recovery plaintiffs can produce against the insurance policy." Further, the plaintiffs alleged that Newport breached the express terms and conditions of the policy it issued to Countrywide pertaining to their property and that Newport breached a duty of good faith and fair dealing in handling the plaintiffs' claim. Finally, the plaintiffs sought a declaratory judgment that La. Rev. Stat. 22:265 was applicable to the policy at issue and that they were entitled to specific performance of the homeowner's insurance policy between Countrywide and Newport.
Countrywide filed a "Peremptory Exception of No Cause of Action, or in the Alternative, Motion for Summary Judgment" on August 9, 2007. After a hearing on December 7, 2007, the trial court signed the judgment on December 12, 2007, granting Countrywide's motion for summary judgment and specifically certifying that the judgment was a final judgment which provides the plaintiffs with a right of appeal. The notice of judgment was mailed to the plaintiffs on December 13, 2007. Neither the plaintiff's counsel of record nor the plaintiffs filed a timely notice of and motion for appeal of this judgment.
On March 11, 2008, Newport filed a peremptory exception of no right of action, arguing that the plaintiffs were not insured parties under its policy with Countrywide and, accordingly, the lack of privity between the plaintiffs and Newport entitled Newport to a judgment as a matter of law and dismissing the plaintiffs' claims against Newport. The trial court sustained Newport's exception, signing a final judgment dismissing the plaintiffs' claims against Newport with prejudice on June 4, 2008.
On July 2, 2008, the plaintiffs' counsel filed a motion to withdraw as counsel of record, attaching a copy of his letter to the plaintiffs dated June 9, 2008, wherein he advised the plaintiffs of the court's ruling that Newport had no duty to cover their losses because they were not the named insured parties and that, based upon his research, a motion to reconsider or an appeal would not be successful. On that same day, the plaintiff filed a pro se Notice of and Motion for Appeal for both the judgment of December 7, 2007 (dismissing plaintiffs' claims against Countrywide) and the judgment of June 4, 2008, (dismissing plaintiffs' claims against Newport). The trial court signed the plaintiffs' "Notice of and Motion for Appeal" on July 2, 2008.
On August 12, 2008, the appellees filed a Motion for Partial Dismissal of Appeal, arguing that to the extent that the plaintiffs' appeal sought dismissal of the December 12, 2007, judgment, it should be dismissed.

Assignment of Error No. 1
First, the plaintiffs assert that they have a cause of action against Countrywide for breach of its fiduciary obligation to them.
In accordance with La.Code Civ. Proc. art.1915, the December 12, 2007, judgment which dismissed all of the plaintiffs' claims against Countrywide was a final and appealable judgment. Thus, pursuant to La.Code Civ. Proc. art.1915, the deadline for the plaintiffs to appeal that judgment would have been sixty days following the "expiration of the delay for applying for a new trial or judgment not *759 withstanding the verdict." The judgment in this case specifically certified the judgment as a final judgment providing the plaintiffs with a right of appeal. Although the plaintiffs' counsel subsequently withdrew as counsel of record on July 2, 2008, at all times pertinent to this issue, the plaintiffs were represented by counsel. Accordingly, because the time to appeal the December 12, 2007, judgment had elapsed at the time the plaintiffs filed their notice of and motion for appeal, it was a nullity as it pertained to the December 12, 2007, judgment. The trial court[3] apparently failed to note this error in the pro se notice and motion but such error cannot serve to revive a right to appeal. Moreover, even accepting arguendo that the plaintiffs' right to appeal the summary judgment granted in favor of Countrywide was preserved, there is no evidence to sustain the claim that a fiduciary relationship existed between Countrywide and the plaintiffs. Accordingly, this assignment of error is without merit.
Because the appeal as it pertained to the December 12, 2007, judgment was a nullity, the appellees' motion for partial dismissal of the appeal[4] is denied as moot.

Assignment of Error No. 2
The plaintiffs argue that as third-party beneficiaries to the insurance contract between Countrywide and Newport, they have a right and/or cause of action against Newport. The judgment at issue in this case pertains only to Newport's peremptory exception of no right of action and, accordingly, that is the only issue properly before the court in this appeal.
The function of an exception of no right of action is to determine whether the plaintiff has any interest in the judicially enforced right asserted and, if not, to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. Because the determination of whether a plaintiff has a right of action is a question of law, we review exceptions of no right of action de novo. Mississippi Land Co. v. S & A Properties II, Inc., 01-1623, pp. 2-3 (La. App. 3 Cir. 5/8/02), 817 So.2d 1200, 1202-03 (citations omitted).
In support of its exception of no right of action, Newport attached (1) a copy of the insurance policy at issue; (2) the certificate of coverage placement which was sent to Mr. Scheaffer[5] to advise him that insurance had been purchased to protect Countrywide's interest in the property due to his failure to maintain insurance as required by the loan agreement between the plaintiff and Countrywide and that the insurance was solely for the protection of Countrywide's interest; (3) a letter dated September 13, 2005, acknowledging receipt of Mr. Scheaffer's claim and advising him that he was not entitled to receive the proceeds from the policy issued to Countrywide; and (4) the invoice of a check issued on November 21, 2005, to Countrywide in the amount of $19, 219.37, in payment for hurricane loss pertinent to the Scheaffer residence and referencing the loan agreement between the plaintiffs and Countrywide.
*760 In opposition, the plaintiffs alleged that because they could not procure insurance on their own Countrywide agreed to provide them with insurance but "unbeknownst to the plaintiffs, Countrywide apparently placed insurance on its own behalf through its sister company, Newport." The plaintiffs submitted nothing in support of their allegations.
A review of the policy at issue indicates that it very specifically and unambiguously was issued to protect only Countrywide's interest in the property; that Countrywide is the only party listed as an insured party, and, thus, that it created contractual obligations only between Newport and Countrywide. Even accepting arguendo that the plaintiffs did not receive the notices submitted by Countrywide advising the plaintiffs of the insurance policy, the plaintiffs were certainly aware that their own insurance policy had lapsed and, accordingly, they were on notice to ascertain whether (as they allege) insurance had been obtained on their behalf.[6]
Moreover, there is no merit in the plaintiffs' argument that because they were forced to pay premiums for the insurance contract between Newport and Countrywide, they are third-party beneficiaries of the insurance policy. Under Louisiana law, a contract for the benefit of a third party is referred to as a stipulation pour autri, see, e.g. Whitney National Bank v. Howard Weil Financial Corp., 93-1568, (La.App. 4 Cir. 1/27/94), 631 So.2d 1308, 1310, and requires a clear expression of intent to benefit the third party. Thus, in order to constitute a stipulation pour autri, a contract must be "in writing and clearly manifest an intention to confer a benefit upon a third party." DePaul Hospital v. Mutual Life Ins. Co. of New York, 487 So.2d 143, 146 (La.App. 4 Cir.1986); see also State, In re Adoption of S.R.P., 555 So.2d 612, 618 (La.App. 4 Cir.1989), writ denied, 556 So.2d 1288 (La. 1990). Clearly, nothing in the record supports the plaintiffs' allegation that they are the third party beneficiaries to the insurance contract between Newport and Countrywide.

Conclusion
After de novo review, the trial court judgment granting the exceptions of no right of action is affirmed. The appellees's motion for partial dismissal of the appeal is denied as moot.
JUDGMENT AFFIRMED; MOTION DENIED AS MOOT.
McKAY, J., Concurs in part and dissents in part.
McKAY, J., Concurs in part and dissents in part.
I concur with the majority that the plaintiffs' appeal of the December 12, 2007 judgment granting Countrywide's motion for summary judgment was a nullity because it was not timely appealed. I do, however, believe that had the appeal been timely that genuine issues of fact concerning Countrywide's dealings with the Scheaffers would have precluded summary judgment.
With regards to the majority's affirming of the trial court's granting of Newport's exception of no right of action, I respectfully dissent. The essential function of the peremptory exception of no right of action is to test whether the plaintiff has a real and actual interest in the suit. La. C.C.P. art 927(A)(5). Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid *761 cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Wirthman-Tag Construction Co., LLC v. Hotard, 2000-2298, 2000-2299 (La. App. 4 Cir. 12/19/01), 804 So.2d 856, 859 (citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885, 888). The Scheaffers argue that they are at least third-party beneficiaries of the policy of insurance that Newport placed on the Scheaffers's property because they were charged the insurance premiums and the deductibles on the policy. I believe that this gives the Scheaffers an actual interest in the insurance policy procured by Countrywide from Newport and as such gives the Scheaffers a right of action in this case.
NOTES
[1] Specifically, the residence was located at 2137 Brigade Drive in Chalmette, Louisiana, 70043.
[2] Initially, the plaintiffs named Countrywide's insurer as "Balboa Insurance Company aka Newport Insurance Company."
[3] Although Judge Manuel Fernandez, Division "B" of the 34th Judicial District, was the trial judge in this matter, the notice of and motion for appeal was signed by Judge Wayne Cresap.
[4] Notably, the appellees failed to alert the trial court in a timely manner of the error in the judgment submitted by the pro se plaintiff which was signed by the judge.
[5] The certificate of coverage placement, dated July 13, 2005, is addressed to Bryan Scheaffer.
[6] The plaintiffs admit that they received this notice.