PATRICIA RIVET MURRAY, Judge.
 

 | ] Plaintiffs, on behalf of the deceased Henry Marcel, appeal the trial court’s dismissal of their claims based upon its granting of an exception of no right of action brought by defendant, Continental Insurance Company [“Continental”]. For the reasons that follow, we reverse the granting of the exception.
 

 FACTS AND PROCEEDINGS BELOW
 

 Plaintiffs instituted this direct action against Continental as the former insurer of Delta Shipbuilding Company [“Delta”], a corporation which was dissolved in 1946. Plaintiffs, who are the children of Henry Marcel, alleged that Mr. Marcel died on January 1, 2008 as a result of malignant mesothelioma, a disease he contracted due to his exposure to asbestos fibers while working for Delta from 1942 to 1948, during which time Delta was insured by Continental.
 

 In response to plaintiffs’ petition, Continental filed an exception of no right of action. Following a hearing, the trial court on July 24, 2009 denied the exception with respect to plaintiffs’ survival action but deferred ruling on the exception as it related to plaintiffs’ wrongful death claim, ordering the parties to submit supplemental briefs on the issue. Subsequently, the parties entered into a written judgment whereby plaintiffs consented to the granting of Continental’s 12exception of no right of action with regard to their wrongful death action and to the dismissal of that claim. However, Continental filed a motion for new trial from the trial court’s denial of the exception as to the survival action. Following a hearing on September 11, the trial court on September 28, 2009 rendered judgment granting Continental’s motion for new trial, granting the exception as to the survival action, and dismissing with prejudice all remaining claims against Continental. The trial court also certified its judgment as final pursuant to La. C.C.P. article 1915. The plaintiffs now appeal that judgment.
 
 [1]
 

 On appeal, plaintiffs argue the trial court erred by granting Continental’s motion for new trial in the absence of sufficient grounds therefor. Alternatively, plaintiffs contend the trial court erred by holding that they have no right of action against Continental because of the dissolution of Delta.
 

 Because plaintiffs are asserting legal errors, we review the record
 
 de novo
 
 to determine whether the trial court was correct.
 
 Bell v. Glaser,
 
 08-0279, p. 4 (La.App. 4 Cir. 7/1/09), 16 So.3d 514, 516.
 

 Granting of Motion for New Trial
 

 The plaintiffs allege the trial court erred by granting the motion for new trial because Continental did not assert any new issues, law or evidence. However, the transcript of the September 11, 2009 hearing on the motion shows that Continental argued for the first time that the law in existence in 1946, when Delta was dissolved, provided that all causes of action against a corporation were extinguished upon the dissolution of the corporation. The transcript also reflects that the trial court judge believed that the law of 1946 was applicable to the instant |3case and that her prior decision was in conflict with that law, which she had failed to consider.
 

 
 *637
 
 Louisiana Code of Civil Procedure article 1972 provides:
 

 A new trial shall be granted, upon contradictory motion of any party, in the following cases:
 

 (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
 

 (2) When .the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
 

 (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
 

 In addition to these peremptory grounds, the trial court has discretion to grant a new trial in any case “if there is good ground therefor.” La.Code Civ. Pro. Art. 1973.
 

 Because the trial court is mandated to grant a new trial whenever its prior judgment “appears clearly contrary to the law,” we cannot say the trial court abused its discretion by granting the motion for new trial in the instant case. We therefore reject plaintiffs first assignment of error.
 

 Granting of Exception of No Right of Action
 

 Plaintiffs next argue that the trial court’s granting of the exception of no right of action was incorrect as a matter of law. The function of the exception of no right of action is to determine whether the plaintiff has any interest in the judicially enforced right asserted and, if not, to terminate the suit.
 
 Scheaffer v. Balboa Ins. Co.,
 
 08-1008, p. 5 (La.App. 4 Cir. 12/17/08), 1 So.3d 756, 759. Because the determination of whether a plaintiff has a right of action is a question of law, we review the trial court’s decision
 
 de novo. Id.,
 
 p. 6, 1 So.3d at 759.
 

 The precise legal issue presented in the instant case appears to be one of first impression. Whether plaintiffs under these particular circumstances have the right | ¿to assert a survival action directly against the insurer of a corporation that was dissolved prior to 1969 has not been previously addressed by our courts.
 
 [2]
 

 Both parties agree, as did the trial court, that the relevant law in this instance is that which existed in 1946, at the time Delta was dissolved. Unlike the current law, which provides that any claim against a dissolved corporation not brought within three years of the dissolution is forever perempted,
 
 [3]
 
 the statutory law in 1946 merely recited the procedure for dissolving a corporation, without any specific mention of claims or causes of action asserted against it.
 
 [4]
 
 Although the trial court in the
 
 *638
 
 instant case did not render written reasons for judgment, the transcript of the September 11, 2009 hearing indicates the basis for its decision:
 

 THE COURT:
 

 But the cause of action against a dissolved or insolvent corporation wasn’t created until 1969. It applied to corporations in existence on January 1, 1969 going forward.
 

 There was no cause of action prior to them [sic] against a dissolved corporation. So, because there was no cause of action as to the corporation, you don’t have a cause [or right] of action now as to their insurer.
 
 [5]
 

 On appeal, plaintiffs argue that the trial court’s reasoning is flawed. First, plaintiffs correctly point out that the decedent’s cause of action against Delta accrued at the time his exposure to asbestos occurred, which was in 1942-43 | ¿during his employment by Delta. As the Louisiana Supreme Court has repeatedly held, the plaintiffs cause of action in a long-latency occupational disease case accrues when the tortious exposures are significant, such that they will later result in the manifestation of the disease.
 
 Austin v. Abney Mills, Inc.,
 
 01-1598, pp. 25-26 (La.9/4/02), 824 So.2d 1137, 1154 (citing
 
 Cole v. Celotex,
 
 599 So.2d 1058, 1066 (La.1992.)) Moreover, in
 
 Taylor v. Giddens,
 
 618 So.2d 834 (La.1993), the Court held that a survival action accrues simultaneously with the tort and is transmitted to the heirs of the victim upon his death. Therefore, in our view, the relevant question is not whether a cause of action against a dissolved corporation had been created in 1949, but whether the statutory law in effect at that time (Act 128 of 1928) extinguished all existing causes of action against the corporation as a consequence of the corporation’s dissolution. The trial court apparently concluded that Act 128 did extinguish Mr. Marcel’s cause of action such that plaintiffs do not now have a right to assert it against Continental, Delta’s insurer at the time of Mr. Marcel’s employment. However, we do not find the trial court’s conclusion to be supported by the law.
 

 Unlike the corporate law that took effect in 1969, Act 128 of 1928 contains no mention of claims or causes of action, either asserted or unasserted, against the corporation — it merely provides a procedure for dissolving the corporate entity.
 
 [6]
 
 In support of the trial court’s ruling, Continental cites
 
 McCoy v. State Line Oil and Gas Co.,
 
 180 La. 579, 157 So. 116 (1934). However, that case does not support the trial court’s interpretation of the law.
 

 |f,In
 
 McCoy,
 
 the plaintiff, Ms. McCoy, sought to have the certifícate of dissolution of the defendant corporation annulled in order to proceed with a pending lawsuit she had filed against the corporation three days before the certificate of dissolution had been issued. Continental specifically relies upon the first sentence of the Louisiana Supreme Court’s original opinion in
 
 McCoy,
 
 to wit:
 

 It cannot be disputed that, if a corporation has been dissolved and therefore has ceased to exist, all actions by or against it abate.
 

 
 *639
 

 McCoy,
 
 180 La., p. 581, 157 So. at 116 (citing
 
 Musson v. Richardson,
 
 11 Rob. 37, 7 R.C.L. 735, 736, 738-740).
 

 This sentence is taken from the Court’s original opinion affirming the trial court’s refusal to annul the certificate of dissolution; however, the Supreme Court reversed itself on rehearing. See 180 La. at 582-586, 157 So. at 117-118. On rehearing, the Court annulled the certificate of dissolution because it found that the corporate liquidator had failed to comply with his statutory duty to ascertain whether there were any actions pending against the corporation (and if so, to resolve them) prior to applying to the secretary of state for the certificate of dissolution.
 
 Id.
 
 at 586, 157 So. at 118. Overruling the defendant’s “plea in abatement,” the Court remanded the matter to the trial court to proceed with the plaintiffs action against the corporation.
 

 We therefore reject defendant’s contention that
 
 McCoy
 
 provides authority for the dismissal of the plaintiffs’ action against Continental in the instant situation. In our view, the statement in
 
 McCoy
 
 that all causes of action against a corporation “abate” once the corporation is dissolved means only that such causes of action may no longer be asserted against the corporation itself, which has become 17nonexistent.
 
 [7]
 
 Where there existed another viable defendant, however, the law, as it existed prior to 1969, did not necessarily preclude the plaintiff from asserting his cause of action against that defendant. For example, in
 
 Ortega v, Nehi Bottling Works,
 
 182 So. 365 (La.App. 2 Cir.1938), the court held that a tort claim originally filed against a dissolved corporation could be maintained against the successors of that corporation, two individuals who had been the sole stockholders, had acquired the assets of the corporation during dissolution, and allegedly had continued the operation of the business. As illustrated by
 
 Ortego,
 
 the plaintiffs cause of action was not extinguished by the corporation’s dissolution, but his right to assert that cause of action against the corporation was.
 

 It is well-settled in Louisiana law that “[o]nce a party’s cause of action accrues, it becomes a vested property right that may not be constitutionally divested.”
 
 Austin v. Abney Mills, Inc., supra,
 
 01-1598, p. 11, 824 So.2d at 1145 (quoting
 
 Cole v. Celotex, supra,
 
 599 So.2d at 1063). Therefore, in the absence of any statutory language or judicial precedent indicating that the cause of action in the instant case was extinguished by the dissolution of Delta, such that it may not now be asserted against Delta’s insurer, we cannot agree with the trial court’s decision.
 

 Besides arguing that the law in effect at the relevant time did not extinguish Mr. Marcel’s cause of action, plaintiffs also contend Delta’s dissolution is a defense personal to Delta, and as such cannot provide Continental with immunity from suit under the Louisiana direct action statute, La. R.S. 22:1269. Conversely, Continental contends that dissolution is not a purely personal defense, but rather a | ¡/‘general” defense akin to peremption, which can be asserted by Continental to defeat the plaintiffs’ right of action.
 
 See, e.g., Marsh Engineering, Inc., v. Parker,
 
 04-0509 (La.App. 3 Cir. 9/29/04), 883 So.2d 1119.
 

 A personal defense is one that bars a right of action where a cause of action would otherwise exist.
 
 Scarborough
 
 
 *640
 

 v. St. Paul Mercury Indem. Co.,
 
 11 So.2d 52, 55 (La.App. 1 Cir.1942). It is well-settled that if immunity from suit is purely personal, an insurer is not entitled to plead such immunity as a defense to suit under the direct action statute.
 
 Danzy v. U.S. Fidelity & Guaranty Co.,
 
 380 So.2d 1356, 1360 (La.1980). Although Louisiana courts have identified various defenses/immunities as personal,
 
 [8]
 
 the precise issue faced in this case has not been addressed. Nevertheless, because we find that, under the law that existed at the relevant time, Mr. Marcel’s cause of action was not extinguished or perempted by Delta’s dissolution, we also decline to hold, as Continental urges, that Delta’s dissolution affords Continental a general defense akin to peremption.
 

 Finally, Continental argues that the trial court correctly granted the exception of no right of action because the Louisiana direct action statute does not recognize the dissolution of a corporation as a circumstance that gives a plaintiff a right to bring an action directly against the corporation’s former insurer. In 1988, the legislature amended the direct action statute to provide that a direct action against an insurer alone may be brought in only five specific instances.
 
 [9]
 
 Continental argues that this amendment was procedural, and therefore should be applied to the instant case, which was filed November 18, 2008. Continental [9further argues that the application of this amendment would preclude the plaintiffs’ suit, because dissolution of the insured corporation is not one of the five specific instances set forth in the statute. This argument fails because the amendment itself provides: “This Act shall become effective on January 1, 1989,
 
 and shall apply to causes of action accruing on or after that
 
 date.”
 
 [10]
 
 Because in the instant case the plaintiffs’ cause of action accrued in 1942-43, we do not agree that the instant lawsuit is precluded by the direct action statute. Moreover, the record contains no indication that the trial court considered this argument in making its decision.
 

 CONCLUSION
 

 Accordingly, we find that the trial court erred by granting Continental’s exception of no right of action and dismissing the plaintiffs’ suit.
 
 [11]
 
 For the reasons stated, we reverse the judgment of the trial court and remand the matter to that court for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The plaintiffs initially took a supervisory writ from the ruling, but this court converted the plaintiffs' timely-filed writ application into a timely-filed appeal, noting that the trial court’s ruling constituted a final judgment.
 

 [2]
 

 .In Act 105 of 1968, effective January 1, 1969, the legislature recodified the laws of Louisiana relating to corporations. According to that law, any claim against a dissolved corporation not brought within three years of the corporation’s dissolution is barred “perpetually and peremptorily." See La. R.S. 12:147(D);
 
 Hoerner v. Anco Insulations, Inc.,
 
 00-2333, p. 37 (La.App. 4 Cir. 1/23/02), 812 So.2d 45, 71. In
 
 Hoerner,
 
 this court held that a survival action brought against the insurer of a corporation that had been dissolved in 1981 was not perempted by this statute because the underlying cause of action had arisen at the time of the decedent’s exposure to asbestos, which was prior to 1969.
 
 Id.
 
 However,
 
 Hoerner
 
 provides no precedent for the instant situation because the statute, by its own terms, does not apply to corporations, such as Delta, that were not in existence on January 1, 1969. See La. R.S. 12:173(A).
 

 [3]
 

 . La. R.S. 12:147(D). See footnote 2
 
 supra.
 

 [4]
 

 . That law, Section 62 of Act 128 of 1928, says simply that “the corporate existence shall terminate" upon the delivery of an order or certificate of dissolution to the Secretary of State, who then is required to issue a certificate of dissolution to be filed with the Record
 
 *638
 
 er of mortgages in the parish in which the corporation's registered office is located.
 

 [5]
 

 . Record, Supplemental Transcript Vol. I, p. 13.
 

 [6]
 

 . The law that took effect in 1969 expressly provides that any claim against a dissolved corporation not brought within three years of the dissolution is "perpetually and peremptorily” barred. See footnote 2,
 
 supra.
 

 [7]
 

 . As the
 
 McCoy
 
 Court expressed on rehearing: "Unless the certificate of the secretary of state be annulled, the litigation against the corporation is ended,
 
 for the effect of the certificate is to destroy the corporation by putting it completely out of existence."
 
 181 La., p. 583, 157 So. at 117 (emphasis added).
 

 [8]
 

 . For example, see
 
 Deshotel v. Travelers Indem. Co.,
 
 257 La. 567, 243 So.2d 259 (La.1971) (parental immunity), and
 
 Musmeci v. American Auto. Ins. Co.,
 
 146 So.2d 496 (La.App. 4th Cir.1962) (governmental immunity).
 

 [9]
 

 . See La. R.S. 22:1269 B(l)(a-e). A fifth instance was added by further amendment of the statute in 1992. La. R.S. 22:1269 B(l)(f).
 

 [10]
 

 . La. Acts 1988, No. 934, Section 2 (emphasis added).
 

 [11]
 

 . We note that our result is consistent with a recent writ disposition of this court involving similar facts,
 
 Marchand v. Asbestos Defendants,
 
 2010-0650 (La.App. 4 Cir. 7/21/2010), 44 So.3d 355.